Ramos Buonomo, Jueza Ponente
TEXTO COMPLETO DE LA SENTENCIA
La Cooperativa de Seguros de Vida de Puerto Rico (en adelante, "COSVI"), acude a este Tribunal, mediante recurso de certiorari, y solicita que se revoque la resolución emitida el día 13 de noviembre de 1996 por el Tribunal de Primera Instancia, Sala Superior de San Juan. Esta resolución reiteró otra anterior emitida el 25 de septiembre de 1996 la cual denegó la inspección del récord del matrimonio Agosto Cuebas en las oficinas del doctor, especialista en siquiatría, Ramón Cuevas Natal.
Por los fundamentos que más adelante se exponen, se revoca la resolución recurrida. Para sostener estos fundamentos haremos una breve relación de los hechos pertinentes y del trasfondo procesal del caso.
I
Los recurridos, Sa. Alice Cuebas y los esposos Agosto Flores (en adelante, "Sa. Cuebas y otros"), presentaron una demanda el 3 de enero de 1996 sobre alegado incumplimiento de contrato y daños y perjuicios. La demanda tiene dos vertientes. Una es, el reclamo de beneficios bajo una póliza de vida para el saldo de una deuda hipotecaria asumida por los esposos Braulio Agosto Flores y Alice Cuebas cuya parte acreedora lo es Doral Mortgage Corporation. Bajo la primera se alega que el Sr. Braulio Agosto Flores falleció el 26 de marzo de 1995 por lo que procede el pago de los beneficios bajo la póliza mencionada expedida por COSVI y cuyo balance de la deuda hipotecaria a la fecha en que falleció el Sr. Braulio Agosto Flores ascendía alegadamente a $106,413.75.
La segunda causa de acción de los recurridos contra COSVI es una de daños y perjuicios fundamentada en alegados actos de libelo y calumnia contra el asegurado al momento de serles denegados los beneficios bajo la póliza que expidiera COSVI. De los escritos surge que la compañía aseguradora le expresó a los recurridos que existía evidencia de que el Sr. Braulio Agosto Flores usaba o era adicto a sustancias controladas.
*876 Luego de contestada la demanda, comenzó el descubrimiento de prueba en el caso. COSVI cursó interrogatorios a los recurridos y luego de recibir sus respuestas citó a la Sa. Alice Cuebas y al matrimonio Agosto-Flores a una deposición.
Para el 17 de junio de 1996 se llevó a cabo la deposición de la Sa. Alice Cuebas y de los esposos Agosto Flores. Surgió durante las deposiciones y particularmente en la de la Sa. Alice Cuebas que el fallecido Braulio Agosto Flores tuvo problemas de adicción a drogas con cocaína. Como parte de su testimonio en la deposición la señora Cuebas indicó que el Sr. Agosto Flores había sido sometido a tratamiento de desintoxicación por lo menos en dos (2) ocasiones en o alrededor de 1990. También como parte del testimonio de ésta surgió que el matrimonio Agosto-Cuebas tuvo problemas como consecuencia de dicha adicción a drogas lo cual motivó que la pareja visitara a un consejero matrimonial, quien eventualmente fue identificado como el Dr. Ramón Cuevas Natal, especialista en siquiatría. 
Luego de conocer que el Dr. Cuevas Natal proveyó servicios al matrimonio Agosto Cuebas como consecuencia del problema de uso o adicción a drogas antes indicado, el 27 de agosto de 1996, COSVI solicitó autorización para inspeccionar ese récord médico.
La parte recurrida se opuso argumentando que COSVI no había demostrado al tribunal la pertinencia y materialidad del expediente médico del matrimonio en las oficinas del Dr. Cuevas Natal, que la condición mental del Sr. Agosto Flores no está en controversia y que tampoco era pertinente examinar en ese récord lo relativo a la Sa. Alice Cuebas.
El 25 de septiembre de 1996 el tribunal recurrido denegó la inspección del récord del matrimonio en las oficinas del Dr. Cuevas Natal por falta de pertinencia.
Luego de celebrada una vista sobre el estado del caso, el 18 de octubre de 1996 COSVI reiteró su solicitud para inspeccionar el récord del matrimonio en la oficina del Dr. Cuevas Natal. En la moción COSVI transcribió aquellas porciones del testimonio de la señora Cuebas durante la deposición de las cuales surge que como consecuencia del uso o abuso de drogas de su fallecido esposo Braulio Agosto Flores, fue necesario recurrir a consejero matrimonial, acreditando COSVI de esta manera la pertinencia de la obtención del récord. La parte recurrida se opuso alegando que la moción se había presentada fuera del término de quince (15) días que establece la Regla 47 de Procedimiento Civil, refiriéndose a la denegatoria anterior del tribunal. Argumentó además que COSVI no había demostrado la pertinencia del problema de adicción a drogas con las controversias que plantea este caso.
Finalmente, el tribunal a quo emitió la resolución recurrida reiterándose en la resolución dictada el 25 de septiembre de 1996. 
COSVI plantea en su recurso que el Tribunal de Primera Instancia incurrió en el siguiente error:
"Erró el Honorable Tribunal de Primera Instancia, Sala Superior de San Juan, al denegar la inspección del récord del Doctor Ramón Cuevas Natal habiendo éste brindado tratamiento y/o consejería matrimonial al matrimonio de Braulio Agosto Flores y Alice Cuebas por motivo del problema de uso de drogas del cónyuge Agosto Flores el cual resulta altamente pertinente a las controversias que plantea este caso en que se reclaman beneficios bajo un seguro de vida y se alega el que la parte demandada incurrió en actos de libelo y calumnia al informar a la viuda sobre el hecho de que existe evidencia de uso de drogas por parte del señor Agosto Flores." Le asiste la razón a COSVI. Veamos.
Las Reglas de Procedimiento Civil que regulan el descubrimiento de prueba en los casos proveen que el mismo debe ser liberal y amplio exceptuado aquellas materias que sean privilegiadas. Es descubrible aun información que de por sí es inadmisible en juicio pero que puede dar margen al descubrimiento de prueba admisible. La Regla 23.1(a) de las de Procedimiento Civil establece:
"Las partes podrán hacer descubrimiento de prueba sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya se refiera a la reclamación o *877 defensa de cualquier otra parte, incluyendo la existencia, descripción, naturaleza, custodia, condición y localización de cualesquiera libros, documentos u otros objetos tangibles y la identidad y dirección de personas que conozcan hechos pertinentes. No constituirá objeción el que la información solicitada sea inadmisible en el juicio siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible."
32 L.P.R.A. Ap. m, R. 23.1(a).
En el caso de Machado Maldonado v. Barranco Colón, 119 D.P.R. 563 (1987), el Tribunal Supremo resolvió que salvo circunstancias excepcionales y únicas los tribunales no pueden prohibir el uso del mecanismo de descubrimiento de prueba.
Se dispone, además, que el concepto de pertinencia para el descubrimiento de prueba, aunque impreciso, debe ser interpretado en términos amplios. Además, el caso General Electric v. Concessionaries Inc., 118 D.P.R. 32 (1986), estableció que para que una materia pueda ser objeto de descubrimiento de prueba en un caso es únicamente necesario que exista una posibilidad razonable de relación con el asunto en controversia aun cuando el descubrimiento de prueba no puede ser ilimitado.
Anteriormente en el caso de Ades v. Zalman, 115 D.P.R. 514 (1984), se estableció claramente que el descubrimiento de prueba en los casos civiles debe ser amplio y liberal. El criterio de pertinencia utilizado en el ámbito del descubrimiento de prueba es más amplio que el de admisibilidad de la prueba en el juicio. Igual razonamiento se utilizó en los casos de General Electric v. Concessionaries, Inc., supra; y Rivera Alejandro v. Algarín, 112 D.P.R. 830 (1982).
En la Regla 23.1 de las de Procedimiento Civil, supra, se establece claramente que las materias privilegiadas no podrán ser objeto de descubrimiento de prueba. Sin embargo, para determinar si existe o no un privilegio que proteja de la inspección del récord del matrimonio Agosto Cuebas en las oficinas del Dr. Cuevas Natal es necesario examinar la definición de médico, según dispone la Regla 26 de las de Evidencia y lo que establece en tomo a la inexistencia del privilegio médico paciente en varias instancias. Veamos:

"Regla 26. Relación médico y paciente:

(A) Según usadas en esta regla, las siguientes expresiones tendrán el significado que a continuación se indica:

(1) Médico: persona autorizada, o quien el paciente razonablemente cree que está autorizada a ejercer la medicina en el lugar en que se efectúa la consulta médica o examen médico, incluyendo como médico al sicoterapista ya sea éste siquiatra o sicólogo.

(B)

(C) No existe privilegio bajo esta regla si:

(1).
(2).
(3).

(4) El procedimiento es una acción civil para recobrar daños con motivo de conducta del paciente y se demuestra justa causa para revelar la comunicación.

(5).

(6) La controversia es entre partes que derivan sus derechos del paciente, ya sea por sucesión testada o intestada.

*878 (7).

(8) Se trata de una acción en que la condición del paciente constituye un elemento o factor de la reclamación o defensa del paciente, o de cualquier persona que reclama al amparo del derecho del paciente o a través de éste, o como beneficiario del paciente en virtud de un contrato en que el paciente es o fue parte."

32 L.P.R.A. Ap. IV, R. 26.
Como puede observarse la Regla 26 de las de Evidencia, supra, no separa el privilegio sicoterapista-paciente del privilegio general médico paciente, al incluir en la definición de médico al sicoterapista ya sea éste siquiatra o sicólogo. Aun cuando entendemos que la regla general debe ser que la relación sicoterapista-paciente debe ser privilegiada ya que la política pública que inspira este privilegio es fomentar la franca comunicación entre médico y paciente, no obstante resulta claro de la transcrita regla que en Puerto Rico ésta permite excepciones. 
En este caso en que la parte recurrida ha alegado dos causas de acción: una, el reclamo bajo la póliza de vida para el pago de la deuda por la muerte del Sr. Braulio Agosto Flores; y otra, por alegado libelo y calumnia al haberse informado a la viuda, Sa. Alice Cuebas, que existía evidencia de que el Sr. Agosto Flores había utilizado drogas, resulta pertinente que en el descubrimiento de prueba pueda inspeccionarse el récord del matrimonio en las oficinas del Dr. Cuevas Natal.
Bajo el reclamo de los recurridos en su demanda para la concesión de beneficios bajo la póliza de vida expedida por COSVI, se requiere que se establezca con evidencia satisfactoria la causa del fallecimiento del asegurado, en este caso el Sr. Agosto Flores. COSVI alega que dicha póliza contiene cláusulas que excluyen de cubierta cuando el fallecimiento ha ocurrido como consecuencia de una condición pre-existente. Indicamos que está íntimamente relacionado con la concesión de beneficios el poder verificar que la información suplida al momento en que se solicitó la póliza con respecto a la salud física de los asegurados, fuese correcta y no excluyente de los beneficios que se proveen bajo la póliza. Resulta pues pertinente la investigación, para la determinación de posibles causas pre-existentes, como causa de su muerte, al otorgamiento de la póliza, así como para la determinación de la causa de la muerte, las cuales alega COSVI son requisitos establecidos en la póliza de vida. Pertinente es, además, cuándo, en qué fecha, comenzó el uso, abuso o adicción a drogas del Sr. Agosto Flores para determinar la relación, si alguna, con la causa de su muerte. No podemos perder de vista que se alega por COSVI que al Sr. Agosto Flores no se le practicó una autopsia a pesar de morir de forma imprevista y ser éste joven. Véase apéndice de la Petición de Certiorari, a la pág. 26.
No podemos diferenciar entre el descubrimiento de prueba en tomo a otros récords médicos del Sr. Agosto Flores en hospitales, en contraposición al del matrimonio en las oficinas del Dr. Cuevas Natal, pues el mismo resulta tan pertinente al descubrimiento de prueba, como los demás sobre los cuales ya el Tribunal de Primera Instancia había permitido inspección.
A la misma vez, y haciendo uso de lo dispuesto en la Regla 23.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. HI, R. 23.2, sobre órdenes protectoras-, disponemos que el récord que motiva la solicitud de certiorari deberá ser sellado por el Dr. Ramón Cuevas Natal y presentado ante el Tribunal de Primera Instancia, Sala Superior de San Juan, y que del mismo, luego de ser revisado por el juez a cargo del caso, se eliminen aquellas porciones que se refieran a asuntos de la Sa. Alice Cuebas, para que se mantenga su confidencialidad, de modo que únicamente pueda examinarse lo relativo a la condición de salud y al problema de uso, abuso o adicción a drogas del Sr. Braulio Agosto Flores. Sólo luego de que el juez a cargo del caso haya hecho esa determinación, podrán los abogados de las partes examinar dicho récord médico. De este modo se protege la confidencialidad y el privilegio médico-paciente de la Sa. Alice Cuebas.
Finalmente denegamos la moción para desestimar presentada por la parte recurrida por los fundamentos que a continuación exponemos.
Hemos examinado las solicitudes para la inspección del récord que presentó COSVI ante el tribunal recurrido, y la correspondiente oposición en donde los recurridos aducen que la segunda *879 moción solicitando la inspección fue presentada fuera del término de quince (15) días que establece la Regla 47 de Procedimiento Civil sobre reconsideración. 32 L.P.R.A. Ap. Ill, R. 47. Concluimos que a la parte recurrida no le asiste la razón toda vez que se trata de una orden interlocutoria contra la cual no decursó término jurisdiccional alguno. Sobre ese particular hemos examinado el caso de Torres Cruz v. Municipio de San Juan, 103 D.P.R. 217, 222 (1975), en que el Tribunal Supremo de Puerto Rico resolvió que:
"En Puerto Rico no existe fundamento válido para la aplicación al modo angloamericano de la ley del caso o de la doctrina de stare decisis et non quieta movere. Rige aquí esta materia, por supuesto, el Código Civil. Ello no quiere decir que, a fines de velar por el trámite ordenado y pronto de los litigios, así como por la establidad y certeza del derecho, un tribunal de instancia no deba resistirse a alterar su pronunciamiento dentro de un mismo caso excepto cuando se convenza de que los mismos son erróneos. Esto es cuestión de sana práctica, sin embargo, y no regla inviolable. Aún en el derecho común, la doctrina de la ley del caso no debe confundirse con la de res judicata." (Citas omitidas).
Se añade a la misma página del caso de Torres Cruz:

"También es regla del derecho común que un segundo juez no está permisiblemente obligado a mantener incólume la decisión de un primer juez de igual nivel dentro del mismo caso".

Intima esta decisión del Tribunal Supremo que las decisiones interlocutorias pueden ser alteradas o revocadas durante el proceso de un caso siempre y cuando el tribunal mantenga jurisdicción sobre el mismo. Concurrimos con Cuevas Segarra al comentar la Regla 47 de Procedimiento Civil:

"Concurrimos con el razonamiento de Sánchez Martínez, loe. cit., pág. 378, de que la Regla 47 de Procedimiento Civil no debiera aplicar del mismo modo a sentencia finales y a resoluciones. La fatalidad del término de quince (15) días para solicitar reconsideración se justifica y hace sentido cuando se aplica a sentencias finales. Contra éstas corre otro término también fatal: el de solicitar revisión o apelación. No sucede lo mismo cuando se trata de una moción de reconsideración de una resolución u orden que no es final, pues contra ella no corre ningún término jurisdiccional y el tribunal retiene facultad en todo momento para corregirla, si es errónea. De manera que en cuanto a las resoluciones u órdenes interlocutorias, el término de quince (15) días no debe ser fatal y sí directivo. Esto quiere decir que las partes vienen obligadas a solicitar la reconsideración de tales resolución [sic] u órdenes dentro del término y que de ordinario el tribunal no reconsiderará sus actuaciones a base de mociones presentadas fuera del término. Sin embargo, cuando el tribunal se convenza de que su resolución u orden es contraria a derecho o que la dictó por error, inadvertencia, fraude o cualquier otra razón que amerite su enmienda o revocación, el tribunal puede deber [sic] así hacerlo independientemente de que se haya presentado oportunamente una moción de reconsideración siempre y cuando no haya perdido jurisdicción de otro modo."

Práctica Procesal Puertorriqueña, Procedimiento Civil, Publicaciones J.T.S., Vol II, Cap. VIII, Regla 47, a la pág. 260,1979.
No tenemos duda que una resolución interlocutoria sobre descubrimiento de prueba como lo es la que originalmente emitió en este caso el tribunal recurrido, el 25 de septiembre de 1996, denegando la inspección del récord del matrimonio Agosto Cuebas en las oficinas del Dr. Cuevas Natal, no tiene carácter final y por ello no corre contra esa orden un término jurisdiccional, por lo que el tribunal retiene la facultad en cualquier momento de cambiarla o corregirla.
POR TODO LO CUAL, revocamos la resolución emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, el día 13 de noviembre-de 1996, y ordenamos la inspección del récord del matrimonio Agosto-Cuebas en las oficinas del Dr. Ramón Cuevas Natal, cumpliéndose con la orden protectora aquí expuesta y se declara sin lugar la moción de desestimación presentada por los recurridos, Sa. Alice Cuebas y los esposos Agosto Flores.
Notifíquese personalmente por vía de la oficina de alguaciles de este Tribunal al Tribunal de Primera Instancia, Sala Superior de San Juan, Sala de Sesiones 902 y a las partes vía facsímil y correo ordinario. Así lo acordó y manda el Tribunal y lo certifica la Señora Secretaria General.
*880 Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 97 DTA 22
1. Véase Apéndice de la Petición de Certiorari, a la pág. 20.
2. En la orden previa de 25 de septiembre de 1996 el tribunal denegó la inspección por entender que no se había demostrado su pertinencia.
3. En los Estados de Norteamérica se ha legislado específicamente para establecer el privilegio sicoterapista-paciente y se ha comenzado a reconocer éste a nivel federal. Jaffe v. Redmond, 116 S.Ct. 1923 (1996).
4. La norma establecida es asegurar condiciones cuya ocurrencia es incierta al momento de otorgarse el contrato de seguro. A ello en parte va dirigida la obtención de un historial físico al momento de solicitarse la póliza. A ella va encaminada la determinación de manera satisfactoria de la causa de muerte. Alegan que en este caso ocurrió una muerte súbita e inesperada estando el Sr. Agosto Flores en la sala de emergencia del Hospital de Area de Carolina y no se llevó a cabo una autopsia ante la negativa de los familiares.