ALFONSO MACHADO MALDONADO, demandante y recurrido, *v.* LUIS A. BARRANCO COLÓN y OTROS, demandados y peticionarios.

*Número:* CE-87-512      *Resuelto:* 10 de noviembre de 1987

*Antonio Figueroa Rodríguez*, abogado de los peticionarios; *José Méndez*, abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

I

A solicitud del Procurador General, mediante trámite de mostrar causa, revisamos la resolución del Tribunal Superior, Sala de Ponce, que declaró con lugar la moción que objeta un interrogatorio y otros extremos.

El proceso se origina con una demanda en daños y perjuicios en 1980 incoada por el Sr. Alfonso Machado Maldonado y su esposa Dionisia De Jesús Torres contra el Dr. Luis A. Barranco, la Administración del Fondo de Compensación al Paciente y sus aseguradoras, por alegada mala práctica de la medicina (haber pillado durante una intervención quirúrgica el nervio ilioinguinal) mientras dicho galeno prestaba sus servicios en el Fondo del Seguro del Estado. Acaecieron numerosos incidentes.[1]

Así las cosas, para diciembre de 1985, los demandantes, con el permiso del tribunal, presentaron una segunda demanda enmendada en la cual incluyeron expresamente al Estado Libre Asociado y al Fondo del Seguro del Estado. Esto a su vez produjo la presentación de varias mociones de desestimación por parte de los nuevos demandados. Para noviembre de 1986, el tribunal a quo declaró sin lugar dichos pedidos.

El 3 de marzo de 1987, el Estado contestó la segunda demanda enmendada. El 12 de marzo de 1987, el tribunal

---

[1] Luego de un intercambio de mociones se dictó sentencia parcial favorable a la Administración del Fondo de Compensación al Paciente. Posteriormente hubo una sentencia desestimando la demanda por prescripción. Sin embargo, tras múltiples incidentes, en noviembre de 1984 quedó sin efecto dicha sentencia, actuación que convalidamos al negarnos a intervenir (*Cert.* O-85-37).

ordenó a las partes disponer dentro del término reglamentario y hacer uso de los medios de descubrimiento de prueba.

Los demandantes Machado-De Jesús presentaron moción de reconsideración que fue declarada no ha lugar. El 30 de abril, el Estado cursó un extenso interrogatorio. Éstos lo objetaron. Finalmente comparecieron al tribunal. Dicho foro se fundó en que el "Estado ha estado representando a un demandado desde principios del pleito. Permitir un interrogatorio en esta etapa del pleito es prolongar aún más un pleito que lleva siete (7) años de radicado. El Estado Libre Asociado no puede alegar en esta etapa que no tenía conocimiento del pleito pues en todo momento sus abogados han sido parte de la representación legal en el caso". (*Exhibit* I, pág. 1.)

## II

El argumento central del Estado ante nos es que el tribunal de instancia carece de discreción para negarle su derecho al descubrimiento de prueba ejercido dentro del término de 60 días, a partir de la contestación a la demanda conforme la Regla 23.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Ésta dispone:

> Las partes concluirán las gestiones relacionadas con el descubrimiento de prueba dentro del término de sesenta (60) días siguientes a la notificación de la contestación a la demanda, reconvención, demanda contra tercero y demanda contra coparte. El tribunal tendrá facultad para prorrogar o *acortar* dicho término según las circunstancias del caso lo ameriten y garanticen una pronta solución de la controversia. (Énfasis suplido.)

Nuestra más reciente orientación doctrinaria fue expuesta en *Lluch* v. *España Service Sta.*, 117 D.P.R. 729, 742-743 (1986). Allí expresamos:

Al ejercer su discreción de prolongar o acortar el término para realizar el descubrimiento de prueba, el tribunal deberá hacer un balance entre dos intereses de gran importancia para el adecuado desenvolvimiento de la labor de impartir justicia a través del sistema judicial: de una parte deberá garantizar la pronta solución de las controversias, y de otra, velar por que las partes tengan la oportunidad de llevar a cabo un amplio descubrimiento de forma tal que en la vista en su fondo no surjan sorpresas.

◼ Bajo los términos de la Regla 23.4, *supra*, y nuestra jurisprudencia tiene razón el Estado. El foro judicial sólo tiene discreción para extender o acortar el término para realizar el descubrimiento de prueba. Al ejercerla, el postulado que debe guiarlo es activar el principio rector que late en todo nuestro ordenamiento procesal: la solución de controversias de una manera justa, rápida y económica. Regla 1 de Procedimiento Civil, 32 L.P.R.A., Ap. III.

◼ Lo expuesto significa que el tribunal no posee discreción para negarle a una parte la oportunidad de llevar a cabo el descubrimiento de prueba, cuando se ejerce dicha opción dentro del término dispuesto por la regla. Así, en casos ordinarios los tribunales, salvo circunstancias excepcionales y únicas, no pueden *prohibir* el uso de dichos mecanismos. Claro está, ello no afecta la facultad de regular su extensión en orden a objeciones de onerosidad, opresión, privilegio u otras razones válidas.

### III

En *Ades* v. *Zalman*, 115 D.P.R. 514, 523 (1984) aclaramos:

El ideal de justicia aborrece los extremos. Se presta a abusos. Tales abusos en el uso de los mecanismos sobre descubrimientos de prueba es una posibilidad real. Para curarlos no existen recetas mágicas ni antídotos instantáneos. Las modalidades varían. "El término 'abuso de descubri-

miento de prueba' ha sido utilizado como un concepto único, pero incluye diversos aspectos. Así, es adecuado subdividir 'abuso' en 'uso impropio' y 'sobreutilización'. Cuando nos referimos a 'uso impropio', incluimos no sólo las violaciones directas a la regla, como faltar a responder a un requerimiento de descubrimiento dentro del tiempo límite establecido, sino también a más sutiles intentos de acosar u obstruir al oponente, como darle respuestas inadecuadas o requerirle información que claramente se encuentra fuera del ámbito del descubrimiento. Por 'sobreutilización' se entiende inquirir más información de la necesaria o apropiada para ese caso en particular. 'Sobreutilización', por su parte, puede ser subdividida en problemas de 'profundidad' y de 'extensión'; con 'profundidad' nos referimos a requerimiento de descubrimiento de materia que podría ser relevante pero que es simplemente excesiva, y por 'extensión' nos referimos al requerimiento de descubrimiento que va a materias demasiado remotas del caso". (Traducción nuestra.) C. A. Wright, *Law of Federal Courts*, 4ta ed., St. Paul, Minnesota, West Pub. Co., 1983, pág. 542.

Al aplicar al caso de autos los principios expuestos, resolvemos que erró el tribunal de origen. Aunque su dictamen respondió a un propósito laudable, su negativa absoluta fue errónea. Se trata de una demanda de alegada mala práctica médica, cuestión compleja y técnica. Fue enmendada para incluir expresamente al E.L.A. como parte. El interrogatorio sometido a los recurridos resulta necesario para descubrir, precisar y perpetuar con exactitud las alegaciones y hechos y así poseerlas por su potencial uso y valor probatorio. El que el Estado hubiese estado representando a uno de los demandados desde los inicios del pleito siete (7) años atrás, no militaa contra esta conclusión.

*Se dictará sentencia que expida el auto y revoque la resolución del Tribunal Superior, Sala de Ponce, que negó el uso del descubrimiento de prueba.*

El Juez Asociado Señor Rebollo López concurre en el resultado sin opinión escrita.