<table>
<tr><td colspan="3" align="center">ESTADO LIBRE ASOCIADO DE PUERTO RICO<br>TRIBUNAL DE APELACIONES<br>PANEL VI</td></tr>
<tr>
<td>AIDA NELLY COLÓN PEÑA, <em>ET ALS</em><br>Parte Peticionaria<br><br>v.<br><br>ROOMS TO GO, INC., <em>ET ALS</em><br>Parte Recurrida</td>
<td>KLCE202301246</td>
<td><em>Certiorari</em> procedente del Tribunal de Primera Instancia, Sala de Humacao<br><br>Caso Núm.<br><br>HU2018CV00078 (Sala 208)<br><br>Sobre:<br><br>Daños y Perjuicios</td>
</tr>
</table>

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres y la Jueza Rivera Pérez.

Rivera Pérez, Jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de noviembre de 2023.

Comparece la parte demandante-peticionaria Sra. Aida Nelly Colón Peña, *et als.* (en adelante, parte peticionaria) mediante un recurso de *Certiorari* y nos solicita la revisión de la *Resolución* emitida y notificada el 10 de octubre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Humacao (en adelante, TPI). Mediante este dictamen, el TPI declaró Ha Lugar la solicitud de la *Moción en Solicitud de Orden y Conversión de Vista* presentada inicialmente el 24 de octubre de 2022 por la parte demandada-recurrida Rooms to Go, Inc. (en adelante, Rooms to Go) para que se excluyeran en el juicio cierta prueba testifical de la parte peticionaria.

Por los fundamentos que expondremos, se deniega la expedición del recurso de *Certiorari*.

**I**

El 6 de abril de 2018 la parte peticionaria presentó una *Demanda* sobre daños y perjuicio en contra de Rooms to Go, *et als.*[1] En síntesis, la parte peticionaria solicitó una indemnización por los daños y perjuicios sufridos como consecuencia de la muerte del Sr. José Arnaldo Rodríguez Dávila.

Luego de concluido el descubrimiento de prueba y varios incidentes procesales, el 24 de octubre de 2022, Rooms to Go presentó una *Moción en Solicitud de Orden y Conversión de Vista.*[2] Entre otras cosas, Rooms to Go solicitó la exclusión de los testigos Agt. Sergio Ares Perales, Agt. Stephen Lazu, Sr. Velázquez, y Dra. Nadya Morales basado en que la parte peticionaria informó tardíamente su intención de utilizarlos en el juicio.

El 14 de febrero de 2023, se celebró la *Conferencia con Antelación a Juicio*, a la cual comparecieron las partes y sus respetivos representantes legales.[3] En atención a la solicitud presentada por Rooms to Go, el TPI le ordenó en corte abierta a la parte peticionaria a exponer por escrito dentro de un término de veinte (20) días las razones por las cuales entendía que no se debía excluir la prueba testifical en cuestión.

En cumplimiento con lo ordenado, el 17 de marzo de 2023, la parte peticionaria presentó una *Moción en Cumplimiento de Orden para Mostrar Causa.*[4] En su moción, la parte peticionaria se opuso a la solicitud de exclusión de prueba alegando principalmente que estos testigos, así como el resumen de lo que se proponían declarar, fueron incluidos en una lista de testigos de las partes en el informe inicial[5] que se presentó el 19 de octubre de 2019, por lo que no fueron informados tardíamente.[6]

---

[1] Véase, Apéndice del *Certiorari*, págs. 10-12.
[2] Véase, Apéndice del *Certiorari*, págs. 46-47.
[3] Véase, Apéndice del *Certiorari*, págs. 50-51.
[4] Véase, Apéndice del *Certiorari*, págs. 52-54.
[5] Refiriéndose al *"Informe para el Manejo del Caso"*.
[6] Entre sus alegaciones, cabe resaltar lo siguiente:

El 17 de abril de 2023, Rooms to Go presentó una *Oposición a Moción en Cumplimiento de Orden para Mostrar Causa Presentada por Maritza Rodríguez Colón y Pedro Peña Rodríguez.*[7] En su moción, Rooms to Go sostuvo que estos testigos fueron anunciados injustificadamente luego de concluido el proceso de descubrimiento de prueba, por lo que debían ser excluidos en el juicio. Además, alegó que, si bien estos testigos fueron identificados en el informe inicial, no fue hasta el *Informe de Conferencia con Antelación a Juicio* que oficialmente se informó que serían utilizados en el juicio.[8]

---

"5. Que la parte co demandante de forma diligente y sin ánimo de dilatar los procesos, incluyó los nombres de testigos y resumen de sus testimonios que ahora se pretenden suprimir, aun cuando el expediente fiscal, de donde surgen los mismos, no estaba oficialmente disponible para las partes hasta dos años después. El ministerio público finalmente notifica la disponibilidad del expediente el 28 de octubre de 2021, luego de varias órdenes de este Honorable Tribunal.
[…]
7. Que desde marzo de 2022, la parte co demandada ha pretendido suprimir evidencia, partiendo de premisas incorrectas sobre alegada indefensión por notificación tardía de testigos y la alegada culminación del descubrimiento de prueba, que a la fecha de esta moción, no surge de ninguna de las minutas del caso.
[…]
9. Que de igual manera, los planteamientos infundados del co demandado de una alegada notificación tardía de testigos, forzaron e indujeron el planteamiento sobre la utilización de los testigos para efectos de la autenticación del expediente fiscal, el cual ya estaba autenticado prima facie bajo la Regla 902(C), Reglas de Evidencia de Puerto Rico, 32 LPRA Ap. VI.

10. Que posterior a la vista del 27 de octubre de 2022, las partes cumplen con la orden del Honorable Tribunal y se reúnen el 8 de noviembre de 2022 para "confeccionar" el informe de CAJ. Puesto que ya el informe de CAJ estaba integrado, solo restaba la estipulación de controversias y prueba. En la referida reunión, es cuando la parte co demandada no estipula el contenido del expediente fiscal e incluye su objeción a la utilización de testigos por su alegada notificación tardía." (énfasis en el original suprimido) Véase, Apéndice del *Certiorari*, págs. 53-54.

[7] Véase, Apéndice del *Certiorari*, págs. 55-59.
[8] Finalmente, Rooms to Go añadió que la parte peticionaria, inicialmente había indicado que:
"19. […] la identificación de estos testigos era únicamente a los fines de autenticar documentos ya que nunca se pudo realizar reunión entre abogados y la compareciente [Rooms to Go] no había autenticado los mismos. Primero que nada, la reunión no se llevó a cabo ante la falta de diligencia de la parte demandante quien tiene el peso de la prueba y la obligación de mover el caso. Dicha parte según lo antes señalado nunca promovió la reunión entre abogados y no es hasta que se le cursa comunicación escrita que envía su parte del informe.

20. Conforme el tracto del caso, luego de la vista que se tuvo que convertir ante los incumplimientos de la parte demandante, se llevó a cabo tal reunión. Como resultado de la reunión la compareciente le expresó que estaba en posición de autenticar los documentos que proponía, por ello no sería necesario el proceso de presentación de prueba testifical para la autenticación. No empece

Finalmente, el 10 de octubre de 2023, el TPI emitió y notificó la *Resolución* recurrida, mediante la cual declaró Ha Lugar la solicitud presentada por Rooms to Go y, en consecuencia, se excluyó para el juicio la prueba testifical en cuestión por haberse anunciado de forma tardía.[9] En su dictamen, el TPI dispuso, en lo pertinente, lo siguiente:

> "[…] La parte demandante identifica a esos testigos con el único propósito de autenticar documentos y no es hasta el Informe de Conferencia con Antelación a Juicio que oficialmente los identifica como testigos para declarar incluye un resumen de lo que sería su testimonio. […]
>
> […]
>
> Este Tribunal determina que una cosa es identificar a potenciales testigos y otra es identificarlos como testigos quienes ofrecerán testimonio durante el juicio. El permitir los testimonios de dichos testigos sería poner a la parte demandada en un estado de indefensión y dilatar más el proceso. […]
>
> […]
>
> En el presente caso la parte demandante identificó en el Informe de Conferencia con Antelación a Juicio a los testigos para declarar e incluyó un resumen de lo que sería su testimonio. No obstante, en todo momento acordaron con la parte demandada a que esos testigos serían utilizados únicamente para autenticar documentos. No encontramos justa causa para ordenar extender el descubrimiento de prueba. De hecho, el permitir incluir a los testigos para otros fines que no fueron traídos originalmente tendría el efecto de abrir un nuevo descubrimiento prueba dilatando aun más el proceso. En estas circunstancias es forzoso inclinar la balanza hacia el interés de velar que se garantice la pronta solución de las controversias de un caso lamentable que todavía no ha tenido a estas alturas su día en corte."[10]

Inconforme con la determinación anterior, la parte peticionaria acudió ante nos, el 9 de noviembre de 2023, mediante

---

ello, la parte demandante en la versión enmendada del informe mantuvo tales testigos pero esta vez a los fines de ofrecer testimonio sobre los hechos del caso." Véase, Apéndice del *Certiorari*, págs. 57-58.

[9] Véase, Apéndice del *Certiorari*, págs. 1-9.
[10] Véase, Apéndice del *Certiorari*, págs. 8-9.

el presente recurso de *Certiorari,* en el que señala los errores siguientes:

> Erró el Tribunal de Primera Instancia al excluir todos los testigos de la codemandante, siendo esa medida la más severa y prácticamente privando del debido proceso de ley y análoga a la desestimación de la demandada.
>
> Erró el Tribunal de Primera Instancia al no favorecer el amplio descubrimiento de prueba en un proceso ya plagado de paralizaciones, pandemias y órdenes tardías del propio tribunal para la producción del expediente fiscal que precisamente contiene los testigos esenciales para que se ventile el caso en sus méritos.
>
> Erró el Tribunal de Primera Instancia al determinar que la identificación de los testigos del codemandante en el informe con antelación a juicio fue de forma sorpresiva, aún cuando ya estaban incluidos en el informe inicial integrado que contenía la lista de testigos y resumen de testimonios.

El 17 de noviembre de 2023, Rooms to Go compareción mediante la presentación de un *Memorando en Oposición a Expedición de Auto de Certiorari.*

Contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II

## A.

El recurso de *certiorari* es "un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior." *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Véase, además, *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). En el ámbito judicial, el concepto discreción "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho." *IG Builders et al. v. BBVAPR,* supra, pág. 338. La discreción, "es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *Torres González v. Zaragoza Meléndez,* 2023 TSPR 46, 211 DPR ___

(2023); *800 Ponce de León v. AIG*, supra, a la pág. 174.

En el caso particular del Tribunal de Apelaciones, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita los asuntos interlocutorios que podemos revisar mediante un recurso de *certiorari*, bajo el entendimiento de que estos pueden esperar hasta la conclusión del caso para ser revisados en apelación. *IG Builders et al. v. BBVAPR*, supra, pág. 337. Al respecto, la Regla 52.1 de Procedimiento Civil, *supra*, dispone específicamente que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de Procedimiento Civil, 32 LPRA Ap. V, R. 56 y 57, o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia **cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales,** asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. *Íd.* Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

A su vez, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que el Tribunal de Apelaciones deberá tomar en consideración al determinar si procede la expedición de un recurso de *certiorari* o de una orden de mostrar causa. Estos son:

(A) Si el remedio y la disposición de la decisión

recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia." Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

**B.**

En términos generales, el propósito del descubrimiento de prueba es: "(1) delimitar las controversias; (2) facilitar la consecución de evidencia; (3) evitar las sorpresas en el juicio; (4) facilitar la búsqueda de la verdad, y (5) perpetuar la prueba." *Torres González v Zaragoza Meléndez*, 2023 TSPR 46, 211 DPR __ (2023), citando a Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, Sec. 2802, págs. 333-334. Es por ello por lo que se ha señalado que el alcance del descubrimiento de prueba ha de ser amplio y liberal. *McNeil Healthcare v. Mun. Las Piedras II*, 206 DPR 659, 672 (2021); *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 490 (2019); *Casasnovas et al. v. UBS Financial et al.*, 198 DPR 1040, 1054 (2017). Ese alcance amplio y liberal propende a que, mediante el buen uso del descubrimiento, se aceleren los procedimientos, se propicien las transacciones y se eviten las sorpresas indeseables durante el juicio. *Torres González v Zaragoza Meléndez*, supra; *McNeil Healthcare v. Mun. Las Piedras II*, supra.

En nuestro ordenamiento jurídico, la Regla 23 de Procedimiento Civil, 32 LPRA Ap. V, R. 23, establece los parámetros que regulan el descubrimiento de prueba en los casos civiles. Específicamente, el inciso (a) de la Regla 23.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 23.1(a), dispone que las partes en litigio podrán indagar "sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente [...]". La precitada regla impone dos (2) limitaciones fundamentales al descubrimiento de prueba: (1) se excluye toda materia privilegiada, según los privilegios que se reconocen en las Reglas de Evidencia, y (2) la materia a descubrirse tiene que ser pertinente al asunto en controversia. *Torres González v Zaragoza Meléndez*, supra; *Autopistas P.R. v. A.C.T.*, 167 DPR 361, 379 (2006). Véanse, además: *McNeil Healthcare v. Mun. Las Piedras II*, supra, págs. 673-674; *Ponce Adv. Med. v. Santiago González et al.*, 197 DPR 891, 898-899 (2017).

En lo pertinente a la controversia ante nuestra consideración, la Regla 23.1 de Procedimiento Civil, *supra*, les impone a las partes la obligación continua de actualizar, corregir o enmendar la prueba que se ha descubierto y de notificarla. Al respecto, el inciso (e) de la Regla 23.1 de Procedimiento Civil, *supra*, dispone lo siguiente:

> "Una parte que haya respondido a una solicitud de descubrimiento tiene el deber continuo de actualizar, corregir o enmendar sus respuestas y notificar a la parte contraria toda información adicional que obtenga con posterioridad a dicha solicitud y que esté relacionada con dicho descubrimiento, siempre que el tribunal se lo ordene o que ocurra lo siguiente:
>
> (1) Que la parte tenga conocimiento de que el material entregado está incorrecto o incompleto y que la información adicional o correctiva no se ha dado a conocer a la otra parte.
>
> (2) Que la parte tenga conocimiento de que la información provista en la contestación del interrogatorio, el requerimiento de producción de documentos o el requerimiento de admisiones está incompleta o incorrecta y que la información adicional o correctiva no se ha dado a conocer. El incumplimiento

de la parte con su obligación de preservar prueba estará sujeto a sanciones económicas o de cualquier otra índole que el tribunal estime a su discreción, incluyendo el desacato, según lo dispone la Regla 34.3.

**El incumplimiento de la parte con su obligación de actualizar, corregir o enmendar conlleva la exclusión en el juicio de la prueba no actualizada si surge que, antes del juicio, la parte tenía conocimiento o debió tenerlo de la información adicional o correctiva y no la actualizó, corrigió ni enmendó.** No obstante, de así interesarlo, la parte que solicitó dicho descubrimiento podrá hacer uso evidenciario de dicha prueba. Si el descubrimiento de la prueba surge durante el juicio, se proveerá el remedio que corresponda." (énfasis suplido).

El tribunal de instancia, en el ejercicio de su sana discreción, puede limitar el alcance y los mecanismos a utilizarse, ya que su obligación es garantizar una solución justa, rápida y económica del caso. *Torres González v Zaragoza Meléndez*, supra; *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465 (2022); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 153-154 (2000). En el ejercicio de esta discusión que se le confiere, el tribunal deberá hacer un balance entre dos (2) intereses importantes: garantizar la pronta solución de las controversias; y velar que las partes tengan la oportunidad de realizar un amplio descubrimiento para que en la vista en su fondo no surjan sorpresas. *Machado Maldonado v. Barranco Colón*, 119 DPR 563, 565-566 (1987), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 742-743 (1986).

Finalmente, el Tribunal Supremo ha señalado también que los foros apelativos "[n]o hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último[:] (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo". *Torres González v Zaragoza Meléndez*, supra; *Rivera y otros v. Bco. Popular*, supra,

pág. 155. Véase, además, *McNeil Healthcare v. Mun. Las Piedras II*, supra, pág. 672.

**III**

En su recurso de *Certiorari*, la parte peticionaria señala, en síntesis, que erró el TPI al "al excluir todos los testigos de la codemandante"; al "no favorecer el amplio descubrimiento de prueba"; y al "determinar que la identificación de los testigos del codemandante en el informe con antelación a juicio fue de forma sorpresiva". Al respecto, la parte peticionaria alegó que los testigos en cuestión, así como el resumen de lo que se proponían declarar, fueron incluidos en una lista de testigos de las partes en el informe inicial que se presentó el 30 de octubre de 2019, por lo que "no se puede concluir que [...] actuó intencionalmente o de mala f[e] de manera que se pueda justificar imponer la sanción más severa al eliminar todos los testigos esenciales";[11] que durante la reunión celebrada entre las partes el 8 de noviembre de 2022 para confeccionar el *Informe de Conferencia con Antelación a Juicio*, la parte peticionaria le indicó a Rooms to Go que no tenía reparo en que se extendiera el proceso de descubrimiento de prueba para la toma de deposición de estos testigos, lo que Rooms to Go rechazó;[12] y que dicha parte además rechazó durante esa reunión estipular el contenido del *Informe Fiscal*, por lo que "nos vimos en la obligación de anunciar los testigos y resumen de los testimonios ya previamente conocidos por la codemandada."[13]

Según lo anteriormente discutido, el Tribunal de Primera Instancia posee una amplia discreción para regular el ámbito del descubrimiento de prueba. En el ejercicio de dicha discreción, dicho foro debe hacer un balance razonable entre el interés de promover

---

[11] Véase, *Certiorari*, pág. 8.
[12] *Íd.*
[13] Véase, *Certiorari*, pág. 9.

una solución justa, rápida y económica del caso, y el interés de garantizar un descubrimiento de prueba amplio y liberal.

En el caso ante nuestra consideración, luego de evaluar la determinación de la *Resolución* recurrida a la luz del derecho expuesto, determinamos que no se justifica nuestra intervención con la decisión recurrida. A nuestro juicio, el TPI no actuó de forma arbitraria o caprichosa, no abusó de su discreción, ni se equivocó en la interpretación o aplicación de las normas procesales o de derecho al ejercer su poder discrecional de limitar y regular el descubrimiento de prueba en este caso denegando el uso de la prueba testifical en cuestión ante el incumplimiento injustificado de la parte peticionaria con su deber de anunciar oportunamente la prueba que utilizaría en el juicio.

**IV**

Por los fundamentos expuestos, se deniega la expedición del recurso de *Certiorari*.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones