Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VI**

| | | |
|---|---|---|
| Joel O. Zambrana Rivera<br><br>Peticionario<br><br>vs.<br><br>NDA Services (Adriel Toyota), XYZ Insurance<br><br>Recurrido | TA2025CE00442 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.:<br><br>Sobre: Ley de Represalia en el Empleo (Ley Núm. 115-1991) |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 6 de octubre de 2025.

Comparece el señor Joel O. Zambrana Rivera (Sr. Zambrana Rivera o peticionario), quien nos solicita la revisión de la Resolución emitida y notificada el 11 de agosto de 2025, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario). Mediante el referido dictamen, el foro primario dispuso que no procede la presentación de unos documentos que no fueron anunciados por el peticionario en la etapa del descubrimiento de prueba.

Examinada la totalidad del expediente a la luz del derecho aplicable, expedimos el auto de *Certiorari* a los fines de confirmar el dictamen recurrido por los fundamentos que expondremos a continuación

**I.**

El 15 de mayo de 2023, Sr. Zambrana Rivera radicó ante el foro primario una Querella sobre despido injustificado por

represalia en contra de NDA Services.[1]   En esta reclamación, solicitó el pago de $57,321.26 en concepto de salario, más la compensación de una suma no menor de $50,000.00 por razón de los daños experimentados en angustias mentales.

Por su parte, el 29 de marzo de 2023, NDA Services presentó su Contestación a la Querella.  En síntesis, alegó que destituyó al peticionario para garantizar el buen funcionamiento de la empresa, puesto que este no alcanzó el 36% de las ventas totales dentro del periodo requerido.

Iniciada la etapa del descubrimiento de prueba[2], el 14 de noviembre de 2023, el TPI celebró una conferencia sobre el estado de los procedimientos.  Escuchados los argumentos de ambas partes, impartió las siguientes directrices:

> ***Se estableció la fecha del 8 de febrero de 2024, para culminar con el descubrimiento de prueba****.*
>
> ***La parte que toma la deposición deberá hacerlo en el tiempo más corto posible.***
>
> ***La fecha límite para presentar mociones dispositivas será en o antes del 8 de marzo de 2024, se hizo constar que no se aceptaran mociones tardías****.*[3] (Énfasis nuestro).

Transcurrido cierto tiempo, el 11 de abril de 2024, NDA Services sometió una Moción en Solicitud de Orden con Relación a Documentos Producidos por la Parte Querellante Concluido el Descubrimiento de Prueba. En esta, detalló que, aunque el descubrimiento de prueba terminó el 8 de febrero de 2024, el peticionario le remitió durante los meses de marzo y abril de ese año unos documentos con la siguiente expresión: "en

---

[1] El peticionario instó esta acción legal al amparo de la Ley de Procedimiento Sumario de Reclamaciones Laborales, Ley Núm. 2 de 17 de octubre de 1961, 32 LPRA sec. 311, según enmendada. No obstante, el 31 de julio de 2023, el TPI dictó una Orden para tramitar el caso por la vía ordinaria.

[2] Surge del expediente ante nos que, el Sr. Zambrana Rivera remitió a la parte recurrida el Primer Pliego de Interrogatorio el 14 de noviembre de 2023, según expuso en la Moción al Expediente Judicial. Durante ese día

[3] Entrada 40 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI), a la pág. 2.

cumplimiento del deber continuo de informar".[4]   Subrayó que el Sr. Zambrana Rivera no produjo tales documentos en la etapa del descubrimiento de prueba, pese a que estos se encontraban bajo su posesión.

En desacuerdo, el 29 de abril de 2024, el peticionario interpuso una Réplica a Solicitud en Oposición a Documentos a la cual adjuntó una serie de documentos.  En esencia, arguyó que NDA Services incumplió con la Regla 34.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 34.1, por no realizar los esfuerzos razonables para alcanzar un acuerdo respecto al descubrimiento de prueba. Aseveró que los documentos, entiéndase, cierta evidencia sobre las ventas y talonarios, se encontraban bajo la posesión de la parte recurrida, pero esta no los entregó durante el descubrimiento de prueba.  Peticionó consecutivamente la denegatoria de la solicitud presentada por dicha parte.

Al día siguiente, NDA Services sometió una Moción en Solicitud de Orden y en Reacción a Réplica a Solicitud en Oposición de Documentos. Precisó que, concluido el descubrimiento de prueba, la Regla 34.1 de Procedimiento Civil, *supra*, es inaplicable a la controversia presente.  Reiteró, además, que no procede la presentación de los documentos por anunciarse tardíamente.  Por último, requirió la expedición de una orden que dispusiera que el peticionario no podrá utilizar tales documentos en ningún procedimiento del caso.[5]

Con posterioridad, el 6 de septiembre de 2024, el TPI celebró una vista argumentativa a los fines de atender el asunto pendiente relativo a los documentos presentados por el Sr. Zambrana Rivera.

Luego de una serie de incidencias procesales, cuyo tracto procesal no amerita pormenorización, el 11 de agosto de 2025, el

---

[4] Entrada 64 del SUMAC TPI, a la pág. 1.

[5] También, solicitó la expedición de una orden judicial para eliminar del récord aquellos documentos presentados a modo de anejo por peticionario, cuya presentación no conformó parte del descubrimiento de prueba.

foro primario emitió Resolución, notificada ese día, en la cual dispuso el siguiente pronunciamiento:

> *La parte querellante notificó a la parte querellada un mecanismo de descubrimiento de prueba, luego de finalizado el término a esos efectos. La parte querellada produjo los documentos solicitados. Si bien muchos de tales documentos se encontraban en posesión de la parte querellada, al no haberse anunciado oportunamente como parte del descubrimiento, la parte querellada no pudo realizar descubrimiento de prueba adicional sobre ellos ni pudo confrontar al querellante con la información allí contenida. Por otro lado, durante el descubrimiento, la parte querellada solicitó al querellante todos los documentos que pudiera utilizar en juicio. La parte querellante tampoco anunció oportunamente tales documentos sino hasta la presentación de su oposición a la moción de sentencia sumaria parcial [65]. **Así las cosas, resolvemos que no procede la presentación de tales documentos por la parte querellante, al no haberse anunciado oportunamente durante el descubrimiento de prueba de forma tal que se cumpliera a cabalidad con el debido proceso de ley que les asiste a ambas partes**.[6]  (Énfasis nuestro).*

Oportunamente, el 20 de agosto de 2025, el Sr. Zambrana Rivera presentó una Reconsideración, en la cual insistió que no debe permitirse la exclusión de la prueba, la cual siempre ha estado en posesión de la parte recurrida, por lo que, esta no puede alegar sorpresa o perjuicio en esta etapa. Atendida la moción, el 22 de agosto de 2022, el foro primario dictó una Resolución, en la cual determinó nada que proveer.

Inconforme, el 12 de septiembre de 2025, el Sr. Zambrana Rivera recurrió ante nos mediante una Petición de *Certiorari,* mediante la que esbozó el siguiente señalamiento de error:

> *Primer Error: Erró el TPI al no permitir usar como evidencia documentos que debieron ser entregados por la parte querellada y no fueron entregados a la querellante.*

Evaluado su recurso, 15 de septiembre de 2025, este Tribunal emitió una Resolución a los efectos de ordenar a la parte recurrida a someter su alegato en oposición dentro del término a

---

[6] Entrada 118 del SUMAC, a las págs. 1-2.

vencer el 25 de septiembre de 2025. En cumplimiento, NDA Services presentó el Alegato de la Parte Recurrida dentro del término establecido.

Con el beneficio de su comparecencia, procedemos a discutir el marco legal pertinente a la controversia ante nuestra consideración.

**II.**

**A.**

Es norma reiterada que, el auto *Certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una determinación de un tribunal inferior. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020). Véase, también, Art. 670 del Código de Enjuiciamiento Civil, Ley Núm. 6 del 31 de marzo de 1933, 32 LPRA sec. 3491. La característica distintiva de recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 209 (2023); *IG Builders et al.* v. *BBVAPR,* 185 DPR 307, 338 (2012).

En aras de orientar la discreción judicial, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita aquellas circunstancias que permiten la intervención de este Tribunal de Apelaciones para atender ciertas determinaciones interlocutorias:

> *El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios,*

*anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.*

Nuestra autoridad se activa de mediar alguna de estas instancias. Ello, pues, la regla procesal aludida establece que ciertos dictámenes interlocutorios pueden: (1) afectar sustancialmente el resultado del pleito, o (2) tener efectos limitativos para la defensa o reclamación de una parte, o (3) conllevar cuestiones neurálgicas o de política pública que deben estar sujetos a revisión de forma inmediata. *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 847-848 (2023) (citando a e R. Hernández Colón, <u>Práctica jurídica de Puerto Rico: derecho procesal</u> *civil,* 6.a ed., San Juan, Ed. LexisNexis, 2017, Sec. 5515a, págs. 533).

No obstante, una vez se adquiere jurisdicción en virtud de la Regla 52.1 de Procedimiento Civil, *supra,* la expedición del auto y su adjudicación en los méritos es discrecional. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96 (2008). En armonía con lo anterior, la Regla 40 del Tribunal de Apelaciones, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, a las págs. 62-63, 215 DPR __ (2025), delimita los siguientes criterios para ponderar la expedición del auto solicitado:

A. *Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.*

B. *Si la situación de hechos planteada es la más indicada para analizar el problema.*

C. *Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.*

D. *Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.*

*E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*

*F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*

*G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

Nótese que la regla precitada facilita que la evaluación respecto a la expedición del recurso no transcurra en el vacío ni en ausencia de otros parámetros. *IG Builders et al.* v. *BBVAPR*, a la pág. 338; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011). Así pues, al examinar si procede la expedición del caso nos corresponde ser cuidadosos y conscientes de la naturaleza de la controversia ante nuestra consideración en tal ejercicio discrecional. *Torres González v. Zaragoza Meléndez*, *supra*, a la pág. 849. Por la naturaleza extraordinaria de este recurso, no debemos intervenir en las determinaciones de hechos del Tribunal de Primera Instancia, salvo que se pruebe que actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto. *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018). Véase, además, *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013).

**B.**

En nuestro esquema procesal, el foro primario goza de amplia flexibilidad y discreción para lidiar con el diario manejo de los asuntos judiciales ante su consideración. *In re Collazo I*, 159 DPR 141, 150 (2003); *Pueblo v. Vega, Jiménez*, 121 DPR 282, 287 (1988). En el ámbito civil, esta facultad emana de la Regla 1 de Procedimiento Civil, 32 LPRA Ap. V, R. 1:

*Estas reglas regirán todos los procedimientos de naturaleza civil ante el Tribunal General de Justicia. Se interpretarán de modo que faciliten el acceso a los tribunales y el manejo del proceso, de forma que garanticen una solución justa, rápida y económica de todo procedimiento.*

Conforme a este principio, "[l]os foros de primera instancia gozan de una gran discreción para dirigir el descubrimiento de prueba". *Izquierdo II v. Cruz y otros*, 213 DPR 607, 616 (2024); *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 496 (2022). Es decir, ostentan facultad para regular el descubrimiento de prueba, pues es su obligación garantizar una solución justa, rápida y económica del caso sin ventajas para ninguna de las partes. *Cruz Flores et al. v. Hosp. Ryder et al.*, *supra*, a las págs. 496-497; *Rivera y otros v. Bco. Popular*, 152 DPR 140, 153-154 (2000). El ejercicio de esta discreción facilita la tramitación de los pleitos y evita los inconvenientes, las sorpresas y las injusticias que pudiesen suscitarse en la celebración del juicio. *E.L.A. v. Casta*, 162 DPR 1, 9 (2004); *Medina v. M.S. & D. Química P.R., Inc.*, 135 DPR 716, 730 (1994).

Ahora bien, la discreción judicial no es irrestricta. A esos efectos, el Tribunal Supremo de Puerto Rico ha delineado una serie de consideraciones para evaluar si procede la extensión del descubrimiento de prueba:

> *Al momento de ejercer su discreción de extender o acortar el término para efectuar el descubrimiento de prueba, el tribunal deberá hacer un balance entre dos intereses importantes para el adecuado desenvolvimiento de la labor de impartir justicia a través del sistema judicial. Por una parte, el foro de instancia deberá garantizar la pronta solución de las controversias y, por la otra, deberá velar que las partes tengan la oportunidad de realizar un descubrimiento amplio para que en la vista en su fondo no surjan sorpresas. Torres González v. Zaragoza Meléndez, supra, a la pág. 846; Machado Maldonado v. Barranco Colon,* 119 DPR 563, 566 (1987).

En vista de ello, los foros revisores, como norma general, brindamos deferencia al foro primario respecto a la facultad adoptada con referencia al término del descubrimiento de prueba. Lo anterior responde a que, en esta etapa procesal, el tribunal de instancia goza de gran flexibilidad por tratarse de una fase preliminar y su duración puede depender de la complejidad de

cada caso. *Rivera et al. v. Arcos Dorados et al, supra*, a la pág. 213. Por consiguiente, los foros apelativos no debemos intervenir con dicha discreción, salvo que medie prejuicio, parcialidad o error manifiesto en la aplicación de una norma procesal o sustantiva. *McNeil Healthcare v. Mun. Las Piedras II*, 206 DPR 659, 672 (2021); *Rivera y otros v. Bco. Popular, supra*, a la pág. 155.

**III.**

De entrada, establecemos que, de conformidad con los criterios recogidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, este foro apelativo intermedio se encuentra en posición de expedir el auto solicitado. En virtud de la discreción que poseemos, procedemos a resolver la controversia ante nuestra consideración.

En el recurso presente, el Sr. Zambrana Rivera señala que, erró el foro primario al no permitirle presentar como evidencia unos documentos pertinentes a su pleito. Argumenta que, la parte recurrida siempre ha tenido tales documentos bajo su posesión. Precisa que esta prueba constituye unos documentos internos generados por la empresa, es decir, unos talonarios y el desglose de ventas. En vista de ello, nos solicita la revocación de la determinación impugnada, y a esos efectos, manifiesta que no tiene reparo en que se reabra el descubrimiento de prueba durante un periodo breve.

En oposición, NDA Services arguye que la etapa del descubrimiento de prueba concluyó el 8 de febrero de 2024. No obstante, asevera que el peticionario no requirió ni anunció oportunamente los documentos en cuestión. Advierte, además, que este procura mediante este recurso la reapertura del descubrimiento de prueba, para requerir la entrega de los documentos que obvió solicitar a tiempo. Por tal razón, sostiene que procede sostener la decisión recurrida.

Examinado con sumo cuidado el recurso presente, concluimos que el foro primario actuó correctamente al establecer que no procede la presentación de los documentos sometidos por el peticionario. Adelantamos que, el Sr. Zambrana Rivera no anunció oportunamente la prueba documental que pretende presentar en los trámites restantes del caso. Veamos.

Surge del expediente ante nos que, el 14 de noviembre de 2023, el TPI señaló que el descubrimiento de prueba culminaría 8 de febrero de 2024. No obstante, finalizado ese procedimiento, contemplamos que, durante los meses de marzo y abril del año 2024, el peticionario optó por remitirle tardíamente a la parte recurrida unos documentos, según consta en la moción sometida el 11 de abril de 2024.

Ante tales circunstancias, colegimos que el Sr. Zambrana Rivera debió informar su interés en la presentación de tales documentos en la etapa del descubrimiento. Sin embargo, observamos que este no anunció tal documentación en la fase correspondiente. Por consiguiente, razonamos que no existe espacio en derecho para permitir la presentación tardía de esta prueba documental. Si resolviéramos lo contrario colocaríamos en un estado desventajoso a NDA Services, puesto que esta parte no tuvo la oportunidad de examinar la referida documentación. Además, tal proceder implicaría una reapertura y una extensión injustificada del descubrimiento de prueba, en contravención a los principios cardinales de la Regla 1 de Procedimiento Civil, *supra.*

A la luz de lo anterior, reiteramos que el foro primario procedió conforme a derecho al no permitir la presentación de la documentación anunciada tardíamente por el peticionario. Por ende, nos corresponde ser deferentes al dictamen recurrido, toda vez que denota un efectivo manejo de caso por parte del TPI, así como una adecuada regulación del descubrimiento de prueba. Por

consiguiente, concluimos que la actuación judicial no vulnera el debido proceso de ley del peticionario. En virtud de ello, confirmamos la determinación impugnada, cuyo contenido no refleja prejuicio, parcialidad o error manifiesto en la aplicación de norma procesal o sustantiva por parte del foro primario.

**IV.**

Por los fundamentos que anteceden, los que hacemos formar parte de este dictamen, expedimos el auto de *Certiorari* a los fines de confirmar la Resolución recurrida, emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones