ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL IV**

| | | |
|---|---|---|
| **BLANCA ZAIDA TORRES CACHO Y OTROS**<br>DEMANDANTE(S)-PETICIONARIA(S)<br><br>V.<br><br>**IVONNE GARCÍA COLÓN Y OTROS**<br>DEMANDADA(S)-RECURRIDA(S) | **KLCE202401202** | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de **SAN JUAN**<br><br>Caso Núm. **SJ2019CV08740** (901)<br><br>Sobre: Impugnación de Testamento Ológrafo |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

*Barresi Ramos*, juez ponente

# S E N T E N C I A

En San Juan, Puerto Rico, hoy día 22 de noviembre de 2024.

Comparece ante este Tribunal de Apelaciones, **BLANCA ZAIDA TORRES CACHO, ZAIDA DENISE BISBAL TORRES, ZAHAIRA PALOMA BISBAL TORRES** y **JOSÉ EDDIE BISBAL TORRES** (señores **TORRES CACHO** y **BISBAL TORRES**) mediante *Escrito de Certiorari* instado el 1 de noviembre de 2024. En su recurso, nos solicita que revisemos *Orden* emitida el 23 de octubre de 2024 por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan.[1] Mediante la referida decisión, el foro de instancia declaró no ha lugar la solicitud de autorizar ela presentación del *Informe Pericial* y del testimonio del perito calígrafo.

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

## - I -

El 27 de agosto de 2019, **BLANCA ZAIDA TORRES CACHO, ZAIDA DENISE BISBAL TORRES, ZAHAIRA PALOMA BISBAL TORRES, JOSÉ EDDIE BISBAL TORRES,**

---

[1] Dicho dictamen judicial fue notificado y archivado en autos el 24 de octubre de 2024. Apéndice del *Escrito de Certiorari*, págs. 145- 1446.

Número Identificador:
RES2024_____

**EDDA PAOLA BISBAL LOUBRIEL** y **EDDIE J. MIGUEL BISBAL LOUBRIEL** interpusieron *Demanda* sobre impugnación de testamento ológrafo (fraude) contra la señora **IVONNE GARCÍA COLON** y **RENEE DARELL PADÍN GARCÍA** (señores **GARCÍA COLÓN** y **PADÍN GARCÍA**).[2]

Después, el 26 de noviembre de 2019, la señora **GARCÍA COLÓN** presentó su *Contestación a Demanda* conteniendo sus *Defensas Afirmativas*.[3] Ese mismo día, la señora **GARCÍA COLÓN** cursó un *Interrogatorio y Solicitud de Producción de Documentos*.[4] El 19 de enero de 2020, la señora **RENEE DARELL PADÍN GARCÍA** presentó su *Contestación a la Demanda* incluyendo sus *Defensas Afirmativas*.[5]

Posteriormente, el 15 de junio de 2021, mediante *Aviso de Comparecencia* el licenciado Rafael A. García López solicitó asumir la representación legal de los señores **EDDA P. BISBAL LOUBRIEL** y **EDDIE J. BISBAL LOUBRIEL** (señores **BISBAL LOUBRIEL**).[6]

Tiempo después, el 9 de mayo de 2024, los señores **BISBAL LOUBRIEL** presentaron una *Moción Suplementaria a Informativa [Entrada 121]* anunciando la toma de deposiciones a los señores **GARCÍA COLÓN** y **PADÍN GARCÍA** para el 16 de mayo de 2024.[7] El 28 de junio de 2024, los señores **TORRES CACHO** y **BISBAL TORRES** presentaron una *Moción Informativa y en Solicitud de Término Final para Culminar el Descubrimiento de Prueba* en la cual se suplicó una extensión de término para concluir el descubrimiento de prueba.[8] Así las cosas, el 2 de julio de 2024, se decretó una *Orden* concediendo hasta el 12 de julio de 2024 para finalizar el descubrimiento de prueba presentar moción conjunta. Además, apercibió que el término era final y firme; el descubrimiento que no se haya completado se entenderá renunciado; y de no presentarse la moción conjunta se impondrán severas

---

[2] Apéndice del *Escrito de Certiorari*, págs. 1- 8.
[3] *Íd.*, págs. 9- 12.
[4] *Íd.*, págs. 12.1- 12.2.
[5] *Íd.*, págs. 13- 19.
[6] *Íd.*, pág. 20.
[7] *Íd.*, pág. 21.
[8] *Íd.*, págs. 22- 22.1.

sanciones.[9] En consecuencia, el 12 de julio de 2024, las partes presentaron *Moción Conjunta en Cumplimiento de Orden sobre el Estado del Descubrimiento de Prueba* en la cual, entre otras cosas, interpelaron que se tomara conocimiento judicial del expediente del caso sobre Adveración y Protocolización de Testamento Ológrafo, caso número KJV2015CV2222, incluyendo las alegaciones; planteamientos; los informes de las partes; los informes de peritaje caligráficos y las determinaciones judiciales.[10]

A los pocos días, el 15 de julio de 2024, se dictaminó *Orden* tomando conocimiento de lo informado sobre el descubrimiento de prueba.[11] Al mismo tiempo, en cuanto a la controversia planteada sobre los testigos, requirió aclarar si estos fueron previamente anunciados en descubrimiento de prueba o si no lo fueron la razón para no haberlos incluido y la pertenencia de su testimonio ello en veinte (20) días. Además, concedió plazo para aclarar situación de la representación legal ostentada por el licenciado JOSÉ B. VÉLEZ GOVEO (señor VÉLEZ GOVEO).

El 9 de agosto de 2024, los señores BISBAL LOUBRIEL presentaron *Moción en Cumplimiento de Orden en Torno a Testigos Anunciados* en la cual expusieron que la pertinencia de los testimonios surgió de la deposición tomada el 16 de mayo de 2024 a la señora GARCÍA COLÓN.[12] Poco después, el 16 de agosto de 2024, se presentó *Moción Informativa en Cumplimiento de Orden Aclarando Situación de Representación Legal* por el licenciado Javier Rivera Longchamps, quien compareció limitadamente. En dicho escrito, se solicitó un término no menor de treinta (30) días para los señores TORRES CACHO y BISBAL TORRES anunciar nueva representación legal y este tuviera tiempo suficiente para revisar el expediente, consultar con sus clientes y preparar las mociones correspondientes.[13] Al mismo tiempo, mediante *Orden* se les concedió treinta (30) días para anunciar nueva representación legal a

---

[9] Apéndice del *Escrito de Certiorari*, pág. 23.
[10] *Íd.*, págs. 24- 26.
[11] *Íd.*, pág. 27.
[12] *Íd.*, págs. 28- 30.
[13] *Íd.*, págs. 31- 32.

los señores **TORRES CACHO** y **BISBAL TORRES** y se permitió incluir los testigos, así como se les requirió a las señores **GARCÍA COLÓN** y **PADÍN GARCÍA** informar si se tomarían deposición.[14]

El 29 de agosto de 2024, los señores **TORRES CACHO** y **BISBAL TORRES** presentaron *Moción Asumiendo Representación Legal, Solicitud de Entrega Expediente y Término para Analizar Documentos del Caso*.[15] Al otro día, el 30 de agosto de 2024, se intimó *Orden* concediendo cinco (5) días al señor VÉLEZ GOVEO para entregar el expediente y una vez entregado, la nueva representación legal tendría treinta (30) días para examinar el expediente y cumplir con órdenes.[16]

Como resultado, el 9 de septiembre de 2024, el señor VÉLEZ GOVEO presentó *Moción Informativa en Cumplimiento de Orden* certificando que cumplió con la *Sentencia* del Tribunal Supremo notificada el 11 de julio de 2024.[17] El día siguiente, el 10 de septiembre de 2024, se expidió *Orden* en la cual se tomó conocimiento de lo informado y dio por cumplida la *Orden* del pasado 30 de agosto.[18]

El 20 de septiembre de 2024, los señores **TORRES CACHO** y **BISBAL TORRES** presentaron una *Moción en Cumplimiento de Orden* exponiendo que tuvieron acceso al enlace enviado por al señor VÉLEZ GOVEO concerniente al expediente del caso; detalló todos los documentos que contenía; y adujo que el mismo no contenía el expediente completo del caso.[19]

Seguidamente, el 4 de octubre de 2024, los señores **TORRES CACHO** y **BISBAL TORRES** presentaron una *Moción Informativa y en Cumplimiento de Orden* informando que el señor VÉLEZ GOVEO entregó cuatro (4) cajas de expediente y reiteraron su solicitud sobre el informe del perito calígrafo.[20] El 8 de octubre de 2024, se dispuso una *Orden* declarando no ha lugar a la

---

[14] Apéndice del *Escrito de Certiorari*, pág. 33.
[15] *Íd.*, págs. 34- 35.
[16] *Íd.*, pág. 36.
[17] *Íd.*, pág. 37- 49.
[18] *Íd.*, pág. 50.
[19] *Íd.*, págs. 51- 59.
[20] *Íd.*, págs. 60- 61.

solicitud de autorizar un perito calígrafo y pautando, entre otras cosas, Conferencia con Antelación a Juicio para el 5 de diciembre de 2024.[21] Ese mismo día, los señores **TORRES CACHO** y **BISBAL TORRES** presentaron *Moción de Reconsideración de Orden* para que se permitiera el *Informe del Perito Calígrafo*, EVARISTO ÁLVAREZ GHIGLIOTTI (Perito ÁLVAREZ GHIGLIOTTI).[22] El 10 de octubre de 2024, se decidió *Orden* autorizando el informe pericial como prueba sustantiva y el testimonio del perito únicamente si el informe de 2016 fue provisto a las demás partes durante el descubrimiento de prueba de este caso; y si este había sido previamente anunciado como potencial testigo o informado en este caso.[23]

Inmediatamente, el 11 de octubre de 2024, los señores **TORRES CACHO** y **BISBAL TORRES** presentaron una *Moción Solicitando Entrega de Todo el Expediente del Caso* en la cual, entre otras cosas, requirieron una orden dirigida al señor VÉLEZ GOVEO para entrega todos los documentos en su poder, específicamente las comunicaciones entre las partes sobre el descubrimiento de prueba.[24] El 16 de octubre de 2024, la señora **PADÍN GARCÍA** presentó una *Oposición a Solicitud de la Parte Demandante a que se Autorice Perito Calígrafo en Esta Etapa del Proceso* alegando que nunca se le proveyó informe calígrafo alguno durante el descubrimiento de prueba en este caso; y tampoco, se anunció la utilización del perito calígrafo como potencial testigo en este caso.[25]

El 15 de octubre de 2024, se prescribió una *Orden* dirigida a los señores **TORRES CACHO** y **BISBAL TORRES,** así como al señor VÉLEZ GOVEO para que se acreditara la entrega del informe pericial durante el descubrimiento de prueba y la intención de utilizar al perito calígrafo como testigo.[26] En seguida, el 23 de octubre de 2024, los señores **TORRES CACHO** y **BISBAL TORRES** presentaron *Moción en Cumplimiento de Orden (SUMAC # 135) y*

---

[21] Apéndice del *Escrito de Certiorari*, págs. 62- 63.
[22] *Íd.*, págs. 64-76. El informe fue suscrito el 16 de diciembre de 2016.
[23] *Íd.*, pág. 77.
[24] *Íd.,* págs. 78- 81.
[25] *Íd.*, págs. 82- 83.
[26] *Íd.*, pág. 84. Dicha determinación judicial expresa: "a las partes demandadas.

*Acompañando Informe Pericial sobre Testamento Ológrafo* exponiendo que el señor VÉLEZ GOVEO no había cumplido a cabalidad con su obligación de entregar el expediente completo del caso y solicitaron la autorización del informe pericial .[27] Ese día, se prescribió la *Orden* impugnada.

El 24 de octubre de 2024, el señor VÉLEZ GOVEO presentó *Moción en Cumplimiento de Orden*.[28] Horas más tarde, los señores TORRES CACHO y BISBAL TORRES presentaron *Moción de Reconsideración para Permitir Informe Pericial y Perito Calígrafo*.[29] Al otro día, el 25 de octubre de 2024, la señora PADÍN GARCÍA presentó *Oposición a Moción de Reconsideración de la Parte Demandante para Permitir Informe Pericial y Perito Calígrafo* alegando que los señores TORRES CACHO y BISBAL TORRES renunciaron a su prueba en aquel caso sobre Adveración y Protocolización de Testamento Ológrafo (K JV2015-2222); estipularon el nombramiento judicial del perito calígrafo, HÉCTOR DELGADO RODRÍGUEZ (perito DELGADO RODRÍGUEZ) y se pretende re-litigar aquel caso en este caso.[30] Incluso, presentó un segundo escrito titulado *Urgente Moción Eliminatoria de Informe Pericial* alegando que los señores TORRES CACHO y BISBAL TORRES han desafiado las órdenes previas dado que el informe pericial no fue parte del descubrimiento de prueba en este caso y tiende a contaminar el ánimo del tribunal.[31] Ante esta situación, el 25 de octubre de 2024, se enunció *Orden* denegando la solicitud de reconsideración y expresando que el informe del perito ÁLVAREZ GHIGLIOTTI no se considerará.[32]

Insatisfecha con ese proceder, el 1 de noviembre de 2024, los señores TORRES CACHO y BISBAL TORRES recurrieron ante este foro revisor intermedio. Señalando el(los) siguiente(s) error(es):

> Erró el TPI al denegar la presentación del Informe Pericial y el testimonio del Perito, habiendo previamente condicionado y/o cualificado su admisibilidad en este caso, lo cual podría causar un estado de indefensión a la

---

[27] Apéndice del *Escrito de Certiorari*, págs. 85- 143.
[28] *Íd.*, págs. 148- 150.
[29] *Íd.*, págs. 152- 154.
[30] *Íd.*, págs. 156- 158.
[31] *Íd.*, págs. 160- 161.
[32] *Íd.*, pág. 162.

Parte Demandante-Recurrente debido a las actuaciones inadecuadas de su antigua representación legal.

El mismo día, se presentó una *Moción Solicitando Paralización de Procedimientos ante el Tribunal de Primera Instancia (TPI)*. En dicha fecha, pronunciamos *Resolución* concediendo un término perentorio de diez (10) días a la señora **GARCÍA COLÓN Y OTROS** para exponer su posición sobre el recurso y la solicitud de *auxilio de jurisdicción* a la señora **GARCÍA COLÓN Y OTROS**. El 12 de noviembre de 2024, las señoras **GARCÍA COLÓN** y **PADÍN GARCÍA** presentaron su *Alegato en Oposición a Expedición de Certiorari* y *Moción en Oposición a Solicitud de Moción en Auxilio de Jurisdicción*.

Evaluado concienzudamente el expediente del caso, y contando con el beneficio de la comparecencia de las partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

- II -

- A - *Certiorari*

El auto de *certiorari* es un vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda revisar discrecionalmente las órdenes o resoluciones interlocutorias decretadas por una corte de inferior instancia judicial.[33] Por ello, la determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial.[34]

De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[35] Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho".[36]

---

[33] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021).
[34] *Íd*.
[35] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016).
[36] *Íd*.

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de las de Procedimiento Civil de 2009.[37] La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando, "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo".[38] En ese sentido, y a manera de excepción, se podrá expedir este auto discrecional cuando:

> (1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales;
> (2) en asuntos relacionados a privilegios evidenciarios;
> (3) en casos de anotaciones de rebeldía;
> (4) en casos de relaciones de familia;
> (5) en casos revestidos de interés público; o
> (6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia.[39]

Lo anterior constituye tan solo la primera parte de nuestro análisis sobre la procedencia de un recurso de *certiorari* para revisar un dictamen del Tribunal de Primera Instancia. De modo que, aun cuando un asunto esté comprendido entre las materias que las Reglas de Procedimiento Civil de 2009 nos autorizan a revisar, el ejercicio prudente de esta facultad nos requiere tomar en consideración, además, los criterios dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones (Reglamento).[40]

Por otro lado, el examen de los [recursos] discrecionales no se da en el vacío o en ausencia de otros parámetros.[41] Para ello, la Regla 40 de nuestro Reglamento instituye los indicadores a considerar al evaluar si se debe o no expedir un recurso de *certiorari*. A saber:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho;
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema;
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia;

---

[37] 32 LPRA Ap. V, R. 52.1; *Torres González v. Zaragoza Meléndez, supra.*
[38] *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021).
[39] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG*, 205 DPR 163 (2020).
[40] *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG, supra.*
[41] *Íd.*

(D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados;

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración;

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; y

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[42]

Es preciso aclarar, que la anterior no constituye una lista exhaustiva, y ninguno de estos criterios es determinante, por sí solo, para justificar el ejercicio de nuestra jurisdicción.[43] En otras palabras, los anteriores criterios nos sirven de guía para poder determinar de la forma más sabia y prudente si se justifica nuestra intervención en la etapa del procedimiento en que se encuentra el caso.[44] Ello, pues distinto al recurso de apelación, este Tribunal posee discreción para expedir el auto de *certiorari*. La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación."[45]

Finalmente, este Tribunal solo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en un craso abuso de discreción.[46] Esto es, "que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[47]

## - B – *Descubrimiento de Prueba*

Nuestro máximo foro reiteradamente ha expresado que el propósito del descubrimiento de prueba es: (1) delimitar las controversias; (2) facilitar la consecución de evidencia; (3) evitar las sorpresas en el juicio; (4) facilitar

---

[42] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580 (2011).

[43] *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005).

[44] *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703, 712 (2019).

[45] *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486– 487 (2019); *Mun. Caguas v. JRO Construction Inc., supra*.

[46] *García v. Asociación*, 165 DPR 311, 322 (2005).

[47] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

la búsqueda de la verdad; y (5) perpetuar la prueba.[48] Así pues, el alcance del descubrimiento de prueba es amplio y liberal.[49] Ese alcance amplio y liberal claramente propende a que, mediante el buen uso del descubrimiento de prueba, se aceleren "los procedimientos, se propicien las transacciones y se eviten las sorpresas indeseables durante el juicio.[50]

Ahora bien, eso de ninguna manera significa o se traduce en que el descubrimiento de prueba sea una carta en blanco para utilizarse indiscriminadamente para hostigar y perturbar a una parte.[51] Es ahí cuando el tribunal de instancia, en el ejercicio de su sana discreción, puede limitar el alcance y los mecanismos a utilizarse, ya que su obligación es garantizar una solución justa, rápida y económica del caso, sin que ello constituya alguna ventaja para cualquiera de las partes en el pleito.[52]

Asimismo, el Tribunal Supremo también ha manifestado que los foros apelativos "[n]o [ha] de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, *excepto en aquellas situaciones en que se demuestre que este último: (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo*".[53]

De igual manera, dicho criterio de revisión aplica a la intervención de los tribunales apelativos en cuanto a las determinaciones interlocutorias de los foros de instancia.[54] Es por ello, que *al momento de ejercer su discreción de extender o acortar el término para efectuar el descubrimiento de prueba, el tribunal deberá hacer un balance entre dos (2) intereses importantes para el adecuado desenvolvimiento de la labor de impartir justicia a través del sistema*

---

[48] *Rivera Gómez v. Arcos Dorados*, 2023 TSPR 65, 211 DPR ___ (2023); *Torres González v. Zaragoza Meléndez, supra*, 14 – 15.  Véase Rafael Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, Sec. 2802, págs. 333-334;
[49] *Rivera Gómez v. Arcos Dorados, supra.*
[50] *McNeil Healthcare v. Mun. Las Piedras II*, 206 DPR 659, 672 (2021).
[51] *Torres González v. Zaragoza Meléndez, supra*, en la pág. 15; *Cruz Flores et al., v. Hops. Ryder et al.*, 210 DPR 465 (2022).
[52] *Íd.*
[53] *McNeil Healthcare v. Mun. Las Piedras II, supra*, pág. 672. (Énfasis nuestro).
[54] *Torres González v. Zaragoza Meléndez, supra*, pág. 16; *Meléndez v. Caribbean Int´l News*, 151 DPR 649, 664 (2000).

*judicial.*[55] Así, por una parte, el foro de instancia deberá garantizar la pronta solución de las controversias, y por otra, deberá velar que las partes tengan la oportunidad de realizar un amplio descubrimiento para que en la vista en su fondo no surjan sorpresas.[56]

## - III –

En el caso de marras, los señores **TORRES CACHO** y **BISBAL TORRES** aducen que erró el foro primario al denegar la presentación del informe pericial y el testimonio de EVARISTO ÁLVAREZ GHIGLIOTTI habiendo previamente condicionado y/o cualificado su admisibilidad en este caso lo cual les causa un estado de indefensión debido a las actuaciones de su antiguo representación legal.

Por otro lado, en síntesis, las señoras **GARCÍA COLÓN** y **PADÍN GARCÍA** argumentan que permitir la presentación del perito postergaría aún más la solución final del pleito.

Es menester señalar que el 12 de julio de 2024, las partes presentaron una *Moción Conjunta en Cumplimiento de Orden sobre el Estado del Descubrimiento de Prueba.* En su inciso 5 expresa: "Sobre aspectos de conocimiento judicial, la parte demandada reitera su [solicitud] de que este Honorable Tribunal tome conocimiento judicial del proceso y expediente; incluyendo las alegaciones, planteamientos e informes de las partes, los informes de peritaje caligráfico allí presentados y las [determinaciones} judiciales; del caso de Adveración y Protocolización de Testamento Ológrafo efectuado ante esta misma Sala Judicial de San Juan; Caso: Ivonne García Colón, Ex Parte, KJV2015-2222". En respuesta, el tribunal primario expuso que "[s]e toma conocimiento de lo informado sobre el descubrimiento de prueba".

Por otro lado, no habiendo concluido el descubrimiento de prueba, que concluyó el 12 de julio de 2024 mediante *Orden* de 2 de julio de 2024, el

---

[55] *González v. Zaragoza Meléndez, supra*, pág.; *Machado Maldonado v. Barranco Colón*, 119 DPR 563, 565 – 566 (1987). (Énfasis nuestro).
[56] *Íd.*

11 de julio de 2024, los señores TORRES CACHO y BISBAL TORRES se vieron imposibilitados de continuar con su representación legal. Coincidimos que el foro primario incurrió en error.

Ante las particularidades de este caso, la situación del señor VÉLEZ GOVEO y en la etapa en que se encuentra el caso: aún no se ha celebrado la Conferencia con Antelación al Juicio en conformidad con la Regla 37 de las de Procedimiento Civil, está pautada para el próximo 5 de diciembre, y en ánimo de un balance adecuado para impartir justicia, se autoriza el informe pericial de EVARISTO ÁLVAREZ GHIGLIOTTI, así como su testimonio. Dicho informe pericial **no** resulta sorpresivo toda vez que surge del expediente del caso KJV2015-2222, que el 22 de diciembre de 2016, se presentó *Moción Anunciando Perito y Contestando Moción*. Dicho escrito estaba acompañado de copia del curriculum vitae y del informe pericial rendido por ÁLVAREZ GHIGLIOTTI. Por ello, habiendo las señoras GARCÍA COLÓN y PADÍN GARCÍA **reiterado su petitorio de que se tomara conocimiento judicial del expediente KJV2015-2222** no existe razón alguna por la cual debe prevalecer su oposición.

En conformidad, dejamos sin efecto la *Orden* dictaminada el 23 de octubre de 2024; y se autoriza el informe pericial de EVARISTO ÁLVAREZ GHIGLIOTTI, así como su testimonio.

- IV -

De conformidad a los fundamentos expuestos, *expedimos* el auto *Certiorari* instado el 1 de noviembre de 2024 por los señores TORRES CACHO y BISBAL TORRES; *dejamos sin efecto* la *Orden* impugnada y se autoriza el informe pericial de EVARISTO ÁLVAREZ GHIGLIOTTI, así como su testimonio. Se declara *no ha lugar* la solicitud de auxilio de jurisdicción presentada el 1 de noviembre de 2023 por los señores TORRES CACHO y BISBAL TORRES. En estos momentos, **no ha lugar** a la *Urgente Moción sobre Paralización de Procedimientos ante el Tribunal de Primera Instancia (TPI)* presentada el 20 de noviembre de 2024 por los señores TORRES CACHO y BISBAL TORRES.

Devolvemos el caso al foro de origen para la continuación de los procedimientos de forma consistente con nuestros pronunciamientos.

**Notifíquese inmediatamente al Tribunal de Primera Instancia, y a las representaciones legales de las partes mediante vía telefónica, y correo electrónico.**

Al amparo de la Regla 35 (A)(1) de nuestro Reglamento, el Tribunal de Primera Instancia puede proceder de conformidad con lo aquí resuelto, sin tener que esperar por el recibo de nuestro mandato.[57]

**Notifíquese inmediatamente**.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[57] Regla 35 (A)(1): "La presentación de una solicitud de *certiorari* no suspenderá los procedimientos ante el Tribunal de Primera Instancia, salvo una orden en contrario expedida por iniciativa propia o a solicitud de parte por el Tribunal de Apelaciones. La expedición del auto de *certiorari* suspenderá los procedimientos en el Tribunal de Primera Instancia, **salvo que el Tribunal de Apelaciones disponga lo contrario**." 4 LPRA Ap. XXII-B R. 35.