Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| ANDRES VAZQUEZTELL LUCCA<br><br>PETICIONARIO<br><br>V.<br><br>DESSIRRE CHAPARRO RIVERA<br><br>RECURRIDA | TA2025CE00912 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Civil Núm.: CG2024CV01485<br><br>Sobre: Liquidación de Comunidad de Bienes |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz, y la juez Aldebol Mora

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 22 de enero de 2026.

Comparece ante nos, el señor Andrés Vazquetell Lucca (en adelante, "el peticionario"). A los fines de solicitar nuestra intervención para que dejemos sin efecto la *"Orden"* emitida y notificada el 3 de noviembre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Caguas. Mediante esta, el foro primario declaró *No ha Lugar* la *"Moción en Solicitud de Remedio,"* presentada por el peticionario. Además, concluyó que el descubrimiento de prueba culminó, y que las partes debían cumplir con lo ordenado. De lo contrario, indicó que el valor que se le otorgaría al inmueble sería el precio de compraventa. Todo, dentro de un pleito sobre liquidación de bienes gananciales instado por el peticionario en contra de la señora Dessirre Chaparro Rivera, (en lo sucesivo, "la recurrida").

Por los fundamentos que expondremos a continuación, *denegamos* la expedición del recurso presentado.

**I.**

La presente controversia tiene su origen en la *"Demanda"* radicada el día 29 de abril de 2024 por el peticionario. Mediante esta, instó una acción

de liquidación, división y adjudicación de bienes gananciales. Indicó, que contrajo matrimonio con la recurrida el día 12 de febrero de 2005 y que el vínculo matrimonial fue disuelto a través de la *"Sentencia"* reducida a escrito el 30 de marzo de 2022. Acompañó la presente *"Demanda"* con un *"Inventario de Bienes"* sujeto a división. Entre estos, se encuentra un inmueble sito en el Municipio de San Lorenzo.

En respuesta, el 5 de julio de 2024, la recurrida presentó *"Contestación a Demanda y Reconvención."* En esencia, admitió que el peticionario y ella tenían un vínculo matrimonial que quedó disuelto mediante la aludida *"Sentencia."* No obstante, negó que los bienes sujetos a inventario fueran todos los propuestos por el peticionario. Al respecto, aseveró que el *"Inventario de Bienes"* contiene bienes inexistentes y no comprende la totalidad de los bienes adquiridos durante la vigencia del matrimonio. En el mismo escrito, la recurrida presentó una *"Reconvención."* A través de esta, indicó que el peticionario había suscrito unas obligaciones prestatarias que dejó de pagar y afectaron la empírica de su crédito. Ante ello, solicitó que se le ordenara al peticionario pagar las obligaciones asumidas. A su vez, solicitó un remedio en daños por la reducción de la empírica de su crédito.

Así las cosas, el 8 de julio de 2024, el foro primario notificó una *"Orden"* por medio de la cual, entre otras cosas, les requirió a las partes que comenzaran con el descubrimiento de prueba del presente caso.

Por su parte, el 15 de julio de 2024, el peticionario presentó *"Contestación a Reconvención."* En síntesis, negó las alegaciones principales contenidas en la referida *"Reconvención."* Arguyó en la afirmativa, que a la recurrida le corresponde pagar la mitad de las deudas asumidas por ser éstas unas obligaciones de naturaleza ganancial. Por lo cual, sostuvo que el aducido daño crediticio fue ocasionado por las propias actuaciones y omisiones de la recurrida.

Tras varios trámites procesales que no son necesarios de pormenorizar, el 17 de octubre de 2024, las partes presentaron el *"Informe*

*para el Manejo de Caso."* En lo atinente, en ese momento las partes no anunciaron la prueba pericial que estarían utilizando.

Así pues, el 24 de octubre de 2024, el foro primario celebró la *"Conferencia Inicial"* del presente caso. Según la *"Minuta"* notificada en la misma fecha, el tribunal de instancia les concedió a las partes hasta el 30 de enero de 2025 para finalizar el descubrimiento de prueba. Posteriormente, el 24 de enero de 2025, el foro primario extendió la fecha de culminación del descubrimiento de prueba, luego de que el peticionario así lo solicitara. Ordenó como fecha de finalización del referido descubrimiento **el 1 de abril de 2025**.

El 20 de febrero de 2025, el peticionario presentó *"Moción Informativa."* Entre otras cosas, comunicó la fecha a realizar la deposición de la recurrida. A su vez, indicó que le envió una misiva a la referida parte a los fines de coordinar la contratación de un tasador.

Así las cosas, el 25 de febrero de 2025, el foro primario advirtió a las partes que **el descubrimiento de prueba no sería aplazado.**

Posteriormente, el 28 de marzo de 2025, el peticionario presentó *"Moción Informativa y en Solicitud de Ordenes."* En lo atinente, aseveró que **el 21 de marzo de 2025** le indicó a la recurrida que pretendía contratar un tasador. Comunicó, que las fechas disponibles para realizar la tasación eran el **1 y el 3 de abril de 2025.**

Al día siguiente, la recurrida presentó *"Réplica y Oposición a Moción Informativa y Solicitud de Orden Presentada por Demandada."* Expresó, que había pactado con la anterior representación legal del peticionario que se haría una sola tasación que se pagaría por ambas partes. Añadió, que le envió una comunicación al abogado actual del peticionario a los fines de contratar un tasador. No obstante, sostuvo que el 21 de marzo de 2025 el recurrido le respondió que estaría realizando la tasación por su cuenta.

Subsiguientemente, el 31 de marzo de 2025, el foro primario notificó una *"Orden."* Mediante esta, les concedió a las partes hasta el **15 de abril de 2025 para intercambiar la evidencia documental previamente**

**solicitada**. A su vez, advirtió que la toma de disposición debía tomarse dentro del término dispuesto para el descubrimiento de prueba, so pena de sanciones para la recurrida.

Así pues, el 21 de abril de 2025, la recurrida presentó una *"Moción Informativa."* Entre otras cosas, comunicó que **el 12 de abril de 2025** los tasadores contratados por ambas partes realizaron la inspección de la propiedad objeto de litigio a los efectos de preparar un informe de tasación.

Posteriormente, el 2 de junio de 2025, el foro primario notificó a las partes que **el descubrimiento de prueba había culminado** y que la prueba no descubierta será inadmisible en el Juicio.

El 25 de junio de 2025, las partes presentaron el "*Informe de Conferencia con Antelación al Juicio."*[1] A los cinco días siguientes se celebró la *"Conferencia con Antelación a Juicio."* En lo atinente, surge de la *"Minuta"* notificada el 2 de julio de 2025 las siguientes expresiones del foro primario: **"El Tribunal enfatizó que el descubrimiento de prueba finalizó el 1 de abril y ninguna de las partes solicitó prorroga por lo que no se aceptarán la comparecencia de ningún perito."** (Énfasis suplido).

Tras varios trámites procesales no pertinentes al asunto que nos ocupa, el 17 de octubre de 2025, el peticionario presentó *"Moción Solicitando Autorización para la Presentación de Testimonio Pericial en Materia de Bienes Raíces, o en su Alternativa, Solicitud para Autorizar la Venta del Inmueble."* En esencia, planteó la necesidad de que se le permitiera contratar un perito tasador para auscultar el valor del bien inmueble en controversia. Sostuvo, que no admitir prueba pericial en este caso implica un aumento en los gastos del litigio y un fracaso a la justicia. En la alternativa, propuso que se autorizara la venta del referido inmueble para así cumplir con una división justa de este.

Ante ello, el 19 de octubre de 2025, la recurrida presentó *"Urgente Réplica y Oposición a Moción Solicitando Autorización para la Presentación*

---

[1] El 24 de noviembre de 2025, las partes sometieron un *"Informe de Conferencia con Antelación al Juicio Enmendado."*

*de Testimonio Pericial y Solicitud para Autorizar Venta del Inmueble."* Alegó, que para el presente caso el foro primario concedió un descubrimiento de prueba extenso y liberal. Sostuvo, que incluso el foro recurrido permitió que dicho descubrimiento se extendiera por un término mayor, a solicitud del peticionario. No obstante, aseveró que el peticionario causó dilación al trámite del caso al indicar que presentaría un tasador individual, pese a que las partes habían acordado contratar a un solo tasador. Añadió, que el peticionario entregó el informe preparado por su tasador dos meses después de la fecha límite para concluir el descubrimiento de prueba. Además, se opuso a la venta del inmueble objeto de litigio, bajo la premisa de que tiene un derecho preferencial sobre esta propiedad y una serie de créditos a su favor. Ante tales alegaciones, peticionó entre otras cosas, que el valor del inmueble se adjudique de conformidad a la prueba estipulada en el *"Informe de Conferencia con Antelación al Juicio."*

En vista de las posturas de las partes, el 20 de octubre de 2025, el tribunal de instancia notificó una *"Orden"* en la que acogió la solicitud del peticionario como una moción de reconsideración. Razonó, que esta fue presentada a destiempo y la declaró *No Ha Lugar*.

Inconforme, el 31 de octubre de 2025, el peticionario presentó *"Moción en Solicitud de Remedio."* Reiteró, que se hace necesario que la propiedad en controversia sea dividida de una forma justa y equitativa. Por lo cual, sostuvo que la obtención de su valor en el mercado propiciará dicho fin. Agregó, que las partes no habían logrado llegar a un acuerdo con relación al valor de la aludida propiedad. Así pues, peticionó al tribunal de instancia que designara un perito judicial que ayude a determinar el valor del referido inmueble.

Así las cosas, el 3 de noviembre de 2025, el foro primario notificó la *"Orden"* que hoy nos ocupa. Mediante esta, declaró *No ha Lugar* la *"Moción en Solicitud de Remedio."* Además, concluyó que el descubrimiento de prueba culminó, y que las partes debían cumplir con lo ordenado. De lo

contrario, indicó que el valor que se le otorgaría al inmueble sería el precio de compraventa.

Oportunamente, el 17 de noviembre de 2025, el peticionario presentó *"Moción de Reconsideración."* En la misma fecha, el foro primario declaró *No Ha Lugar* el referido escrito.

En desacuerdo, el 16 de diciembre de 2025, el peticionario presentó un recurso de *certiorari* ante este Tribunal. Mediante este, esbozó los siguientes señalamientos de error:

> Erró y abusó de su discreción el Honorable Tribunal de Primera Instancia al denegar la inclusión del perito de la parte peticionaria Héctor M. Carrasquillo Rivera anunciado a la parte recurrida el 11 de abril de 2025, dentro del período de descubrimiento de prueba que finalizó el 15 de abril de 2025, según la orden dada el 31 de marzo de 2025 (SUMAC #77).

> Erró y abusó de su discreción de manera arbitraria y caprichosa el Tribunal de Primera Instancia al negarse a ejercer la facultad de designar un perito del Tribunal para fijar el valor de la propiedad objeto del pleito, dejando a las partes desprovistas de un juicio justo e imparcial, al amparo de [la] Regla 702 de evidencia y de la Regla 23.1(c)(4) de procedimiento civil, disposiciones que operan con independencia del descubrimiento de testimonio pericial entre las partes.

> Erró y abusó de su discreción de manera arbitraria y caprichosa, el Tribunal de Primera Instancia al manifestar su "prejuicio" sobre la controversia al fijar como valor de la propiedad el "precio de la compraventa" sin base jurídica ni probatoria.

> Erró el Tribunal de Primera Instancia al no garantizar el debido proceso de ley a la parte peticionaria al apartarse de los límites propios de una orden interlocutoria al emitir una disposición que adelanta el desenlace del pleito y fijar el valor de la propiedad sin permitir un proceso que viabilice una determinación justa para ambas partes.

> Erró y abusó de su discreción el Honorable Tribunal de Primera Instancia al apartarse de las alternativas que el ordenamiento jurídico establece para manejar diferencias irreconciliables sobre el valor de un bien común al amparo del artículo 857 del código civil, el cual dispone vías claras para resolver estos desacuerdos: adjudicación con reintegro o venta en pública subasta.

> Erró el honorable tribunal de primera instancia al prescindir de las alternativas contempladas en el artículo 857 del código civil y sustituirlas por un valor fijo sobre un bien común no contemplado por la ley.

Tras una *"Urgente Solicitud de Prórroga,"* presentada por la recurrida, el 19 de diciembre de 2025, este Tribunal le concedió a dicha parte un término de treinta (30) días adicionales contados a partir del 17 de diciembre de 2025, para que ésta presentara su alegato en oposición al auto de *certiorari* de epígrafe.

En cumplimiento de lo anterior, el 13 de enero de 2026, la recurrida presentó *"Alegato en Oposición."*

Con el beneficio de la comparecencia de ambas partes, procedemos a esbozar el marco jurídico aplicable a la controversia ante nuestra consideración.

**II.**

**A.      Recurso de *Certiorari:***

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Rivera et al v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Íd*. Ahora bien, el ejercicio de esta discreción no es absoluto. Por ello, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece una serie de instancias en las que los foros apelativos pueden ejercer su facultad revisora:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

La Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 62-63, 215 DPR ___ (2025), delimita los criterios para la expedición de un auto de *certiorari.* Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera et al v. Arcos Dorados et al*, supra. La aludida regla permite que el

análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023); *Rivera et al v. Arcos Dorados et al*, supra; *Torres González v Zaragoza Meléndez*, 211 DPR 821, 848 (2023); *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, *supra*, dispone los siguientes criterios:

**A.** Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

**B.** Si la situación de hechos planteada es la más indicada para el análisis del problema.

**C.** Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

**D.** Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

**E.** Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

**F.** Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

**G.** Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto." *Citibank v. ACBI*, 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Id. pág. 735; *Graciani Rodríguez v. Garage Isla Verde, LLC*, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.; *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Íd; Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre en abuso de

discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar todos los hechos del caso hace un análisis liviano y la determinación resulta irrazonable. *íd.* pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de *certiorari* y ejercer nuestra función revisora.

**B.      Discreción judicial ante el manejo de casos:**

La Regla 1 de Procedimiento Civil, 32 LPRA Ap. V, R. 1, procura un ordenamiento procesal que garantice el acceso a los tribunales y el adecuado manejo del proceso. Esta norma aspira a "una solución justa, rápida y económica de todo procedimiento". *Id.* Para alcanzar tales propósitos, los jueces de instancia gozan de "flexibilidad y discreción para lidiar con el diario manejo y tramitación de los asuntos judiciales". *In re Collazo I*, 159 DPR 141, 150 (2003). Es decir, ostentan la autoridad suficiente para conducir los asuntos litigiosos ante su consideración y para aplicar correctivos apropiados en la forma y manera que su buen juicio les indique. *Id.* Por lo que, tienen autoridad para actuar dentro de "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Rivera et al v. Arcos Dorados et al.,* supra*,* pág. 210. No obstante, en este ejercicio discrecional, "el tribunal no puede actuar en una forma u otra haciendo abstracción del derecho". *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013).

Cónsono con lo anterior, el foro primario tiene el deber ineludible de garantizar que los procedimientos se ventilen sin demora y con miras a que se logre una justicia rápida y eficiente. *In re Pagani Padró*, 181 DPR 517, 529 (2011). Por tal razón, los tribunales revisores apelativos no debemos sustituir el criterio producto de la discreción judicial, salvo que se pruebe (1) una actuación con prejuicio o parcialidad; (2) craso abuso de discreción, o (3) una equivocación en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera et al v. Arcos Dorados et al*, supra, pág. 210.

**C.      Descubrimiento de prueba:**

Como es sabido, en nuestro ordenamiento jurídico impera el principio de un descubrimiento de prueba amplio y liberal. *Consejo de Titulares del Condiminio Parques del Cupey y otros v. Triple-S Propiedad, Inc.,* 2025 TSPR 82; *Cruz Flores v. Hospital Ryder Memorial Inc.*, 210 DPR 465, 496 (2022). Esta normativa persigue los siguientes propósitos: (1) precisar los asuntos en controversia; (2) obtener evidencia para ser utilizada en el juicio, evitando así sorpresas en la etapa de los procedimientos; (3) facilitar la búsqueda de la verdad, y (4) perpetuar evidencia. *Rivera y otros v. Bco. Popular,* 152 DPR 140, 152 (2000). Así, se facilita la consecución de evidencia, se evitan las sorpresas en el juicio y se perpetúa la prueba. *García Rivera et al. v. Enríquez*, 153 DPR 323, 333 (2001). Además, las partes pueden prepararse para el juicio debido a que tienen la oportunidad de obtener la evidencia necesaria para evaluar y resolver las controversias del caso. *Rivera y otros v. Bco. Popular, supra*, pág. 152.

Ahora bien, esta flexibilidad no es un asunto irrestricto. Los foros primarios gozan de amplia discreción para regular el ámbito del descubrimiento, pues tienen la obligación de garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes. *Rivera et al. v. Arcos Dorados et al.*, *supra*, pág. 203. A su vez, nuestro Tribunal Supremo ha dejado claro que, "[a]l momento de ejercer su discreción de extender o acortar el término para efectuar el descubrimiento de prueba, el tribunal deberá hacer un balance entre dos (2) intereses importantes para el adecuado desenvolvimiento de la labor de impartir justicia a través del sistema judicial." *Torres González v. Zaragoza Meléndez,* supra, pág. 846. (*citando a Machado Maldonado v. Barranco Colón*, 119 DPR 563, 565-566 (1987), y *a Lluch v. España Service Sta.*, 117 DPR 729, 742-743 (1986)). Primeramente, el tribunal "deberá garantizar la pronta solución de las controversias, y por otra deberá velar que las partes tengan la oportunidad de realizar un amplio descubrimiento para que en la vista en su fondo no surjan sorpresas". *Id.*

**III.**

El peticionario recurre de una determinación interlocutoria que denegó su solicitud de autorización para la presentación de prueba pericial. El foro primario concluyó mediante el referido dictamen la improcedencia del remedio peticionado, puesto que el descubrimiento de prueba había culminado. Ante tal decisión, el peticionario alega, en síntesis, que incidió el foro recurrido al negar la admisión de prueba pericial; al no permitir la designación de un perito del Tribunal; al fijar el precio de compraventa como el valor del inmueble objeto de litigio; y al no utilizar el Artículo 857 del Código Civil, 31 LPRA sec. 8230, para manejar la diferencia sobre el valor de la propiedad existente entre las partes.

Por su parte, en esencia la recurrida sostiene que no procede la expedición del presente recurso por no cumplir con los criterios de la Regla 40 del Tribunal de Apelaciones, *supra*. A su vez, asevera que la determinación recurrida descansa en la sana discreción del foro primario. Asimismo, arguye que la admisión de prueba pericial no es esencial para la disposición del presente pleito, dado que este caso no involucra consideraciones técnicas ni científicas y existe prueba documental estipulada que establece el valor real del inmueble en cuestión.

Tras examinar el auto de *certiorari* de epígrafe, concluimos *denegar* la expedición solicitada. Veamos.

Como norma general los tribunales de instancia gozan de amplia discreción para pautar y conducir la tramitación de los casos ante su consideración. Véase, *BPPR v. SLG Gómez-López*, supra, pág, 340. Cónsono con lo anterior, de ordinario los foros apelativos no intervendremos en la discreción de los foros primarios salvo que las decisiones que estos emitan resulten arbitrarias o en abuso de discreción. *Id,* pág. 334. La discreción que les asiste a los tribunales de instancia en el manejo de sus casos se extiende al ámbito del descubrimiento de prueba. Según expuesto, los foros primarios tienen la facultad de extender o acortar el descubrimiento de prueba a través de un balance adecuado que propicie la pronta solución

de las controversias y la realización de un descubrimiento de prueba amplio. De otra parte, ha expresado el Tribunal Supremo que los tribunales poseen "poder inherente para vindicar la majestad de la ley y para hacer efectiva su jurisdicción, pronunciamientos y órdenes". *In re-Collazo I*, supra, pág. 150 (2003).

Por otro lado, el auto de *certiorari* es un recurso de naturaleza discrecional. Por consiguiente, su expedición depende de la discreción que le asiste a este Tribunal de conformidad a los parámetros de la Regla 40 del Tribunal de Apelaciones, *supra*. Si bien es cierto que la Regla 52.1 de Procedimiento Civil, *supra* nos permite examinar este caso en sus méritos, al evaluar los criterios de la precitada Regla 40 del Tribunal de Apelaciones, *supra,* determinamos que el recurso presentado no reúne los requisitos necesarios para su expedición. La determinación recurrida no es contraria a derecho, ni exhibe un criterio judicial prejuiciado o parcializado. Además, se encuentra contemplada dentro de la facultad discrecional del foro primario. Por lo tanto, denegamos la expedición del recurso de epígrafe.

**IV.**

Por los fundamentos expuestos, *denegamos* la *expedición* del auto de *certiorari* presentado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones